WILLIAM MONTGOMERY v. E. J. MANN, Appellant.

Reformation of Deed: MUTUAL MISTAKE.    To reform a deed on the
1    ground of mistake, the mistake must be mutual.

Evidence:    STATEMENT OF HUSBAND.    In a suit by the grantor to
2    reform a deed, statements of the grantee's husband, made after
the transaction, are inadmissible, where there is no showing
of authority to speak for grantee.

Evidence:    MUTUAL MISTAKE.    Evidence in a suit to reform a deed
3    so that coal in the land shall be reserved to the grantor con-
sidered and held insufficient to show mutual mistake.

*Appeal from Polk District Court.—*HON. C. P. HOLMES,
Judge.

SATURDAY, MAY 23, 1903.

SUIT for reformation of deed.    Decree as prayed, and
defendant appeals.—*Reversed.*

*Thomas F. Stevenson* for appellant.

*James Nugent* for appellee.

LADD, J.—On the 23d day of September, 1896, the
plaintiff exchanged three and one-fourth acres of land to
the defendant for certain city lots, each property being
improved, and subject to incumbrances of about equal
amount.    The land is underlaid with a vein or stratum of
coal, and in this suit, begun March 1, 1901, the plaintiff
asks the deed of conveyance to defendant be so corrected
that said coal shall be excepted therefrom and retained by
plaintiff.    Previous to the negotiations which resulted in
an exchange, the plaintiff and defendant's husband had
entered into an agreement under which defendant was to

receive three acres of land without the coal.   One Mount
prepared a written memorandum thereof, which was signed
by plaintiff. and the husband, and also a deed and mort-
gage, which were necessary to carry it into effect.   Un
doubtedly, a mistake was made by him in omitting the
exception from this deed, as ·he testified; but he knew
nothing of the terms of the agreement as finally consum-
mated.   As plaintiff testified, the husband backed out.
According to the latter and defendant, the agreement was
made subject to her approval, which was withheld because
of the retention of the coal.   Though plaintiff denies it,
and also any personal acquaintance with · defendant, the
evidence satisfactorily shows that he subsequently took the
defendant and her husband out to see the  land.   Both so
testify, and they are confirmed by their daughter and two
disinterested witnesses.   Defendant testified that she then
advised plaintiff that she would not trade for the land
without the coal, and in this she is corroborated by her
husband.   No agreement was reached at that time, but a
few days later she sent word by her husband that she
would trade for three and one-fourth instead of three
acres of land, subject to an incumbrance' of a $1,000 in-
stead of $700.   No mention was made of· the coal, and
Mount merely changed the description in the deed and the
amount of the mortgage previously prepared, and these
were executed.

Possibly plaintiff supposed the coal was to be excepted
in the deed, for he had previously arranged to lease it 'to
the Keystone Coal Company.   But, to justify the reform-
ation of the deed, the mistake must have been
mutual.   The defendant testified that she did
not· understand the coal was to be excepted,
and would not have exchanged had such exception appeared
in the deed.

Evidence of the husband's admissions, alleged to have
been made long subsequent to the transaction, was not

1, REFORMA-
TION of deed:
mutual mis-
take.

offered for the purpose of impeachment. It was admis-
2. EVIDENCE: sible for no other purpose, for the reason
statement of
husband. that he was not shown to have been author-
ized in any way to speak for her.

It seems to be thought that, as the coal was to be
excepted under the memorandum signed by her husband,
which she repudiated, and nothing was said of the coal
3. EVIDENCE: in the oral agreement consummated, she
mutual mis-
take. ought to be bound by an inference that the
terms were to be the same as before, save as modified.
But, as we think, she had refused to take the land under
the first arrangement because of the exception to be in-
cluded in the deed, and had informed Montgomery, when
returning from the land, that she would not take it with-
out the coal. If so, the inference is quite as, if not more
reasonable, that her offer was made on this basis. Her
claim is somewhat confirmed by proof that, even with the
coal included, she was giving more for the land than its
fair value. Though coal was being taken from beneath
the surface through a shaft near by, this was so close to
the line that she may well have thought it from adjoining
land. Her testimony is uncontradicted, save by a witness
who says that when at her home he heard her caution her
husband not to allow the agent to bind them for the deliv-
ery of the coal, as it did not belong to them. This was
more than four years after the trade, and is denied by
defendant. The evidence of mistake on her part falls far
short of being of that clear and satisfactory character
exacted in order to justify reformation. See *Hunt v.
Gray*, 76 Iowa, 268; *Murphy v. First National Bank*, 95
Iowa, 325; *Hoyer v. King*, 101 Iowa, 363. No persuasive
equitable considerations are manifest in this record, and
we reach the satisfactory conclusion that the plaintiff has
failed to establish a mutual mistake by the quantum of
proof essential in such cases.—REVERSED.