CHARLES BEYSCHLAG v. SANDS VAN WAGONER, WILLIAM
DONNELLY, CHARLOTTE ST. BARNARD ET AL.

*Misdescription in mortgage aided by possession.*

Where land has been occupied for many years under a series of grants
containing an erroneous call in the description, but is fully capable
of identification and actually identified, a mortgage of it as a home-
stead by the same description duly executed by husband and wife, is
not void, but may be corrected like any other conveyance having the
same description, and will not be postponed to an attachment or exe-
cution levy made upon the same title.

Appeal from St. Clair. Submitted April 13. Decided
April 27.

FORECLOSURE. Defendant Donnelly appeals. Affirmed.

*Moses F. Carleton* and *A. R. Avery* for complainant.
Where mortgaged premises can be identified in spite of a
misdescription the record of the mortgage is notice to pur-
chasers: *Cooper v. Bigly* 13 Mich. 477; *Mich. Mut. Ins.
Co. v. Conant* 40 Mich. 537; *Quirk v. Thomas* 6 Mich. 89;
*Cummings v. Freer* 26 Mich. 128; *Gale v. Morris* 29 N.
J. Eq. 222.

*S. W. Vance* and *W. F. Atkinson* for defendant Donnelly.

CAMPBELL, J. The bill in this cause was filed to foreclose
a mortgage on lands in St. Clair county, and to correct the
description, which gave one of the lines as between sections
29 and 32, (which would have put the land in the body of
the St. Clair river), instead of between sections 19 and 20.
A previous statutory foreclosure was referred to, and there
is no question made against the propriety of the bill to cover
all of these matters if maintainable at all.

Donnelly, however, puts his main defence on the ground
that the property mortgaged, being a homestead, could not
pass by a defective description, and that he obtained para-
mount rights after the homestead ceased to be such.

Donnelly's title rests—*First*, on subsequent deeds from heirs of the original owners; and *second*, on an attachment, levy and sale. We do not, however, see how a levy on property misdescribed, is any better than a conveyance or mortgage. Neither do we think the facts indicate that he was a *bona fide* purchaser. Unless the mortgage was absolutely void, it ought to maintained. A brief reference to the facts will be sufficient.

The mortgaged premises formed part of a larger tract once owned by George St. Bernard, who conveyed the premises in 1851 to Stephen Moore, by the imperfect description which has been followed ever since. Moore was put in possession and built upon the lot, and it has been possessed actually or with temporary intervals ever since, until it came into the hands of Sands Van Wagoner, the mortgagor. No dispute ever arose concerning its identity. It contained a reference to a smaller adjacent tract which seems to have been carved out of the same estate, and which was readily identified. The case is the usual one where there are repugnant calls in the description, some of which must be rejected, and where long possession and repeated transfers remove all doubt as to the intention of the parties.

It is not disputed that the mortgage was so executed that if the description had not been imperfect it would have bound the homestead. It is not a description of another parcel of land entirely. It is simply an erroneous description of a parcel which is easily identified by the aid of some calls in the mortgage, aided by the possession. We do not understand that the constitutional provision requiring a mortgage of a homestead to be signed by the wife of the owner, requires such a mortgage to be construed on principles different from those which govern other conveyances similarly signed. If the parties have executed a mortgage which was meant to cover their homestead, they have bound the homestead if the description is not so defective as to make it beyond the power of the courts to identify and apply it. We have no doubt, and it is not disputed, that this description can be made good for all other purposes.

The decree below sustaining and correcting the mortgage was correct, and must be affirmed, with costs of this court against Donnelly; and the record must be remanded for further proceedings.

The other Justices concurred.