[Parker v. Parker.]

# Parker *v.* Parker.

*Bill in Equity for Reformation of Conveyance.*

1. *Reformation of conveyance by husband and wife, on ground of mistake in description of land.*—A court of equity will reform a convey-ance executed by husband and wife, on account of a misdescription of the land by mistake, although the land was their homestead, and be-longed to them as tenants in common; and the fact that the wife was ignorant of her interest as part owner is immaterial, when it appears that full value was paid by the purchaser, and the conveyance was ex-ecuted with proper formalities to pass her interest.

APPEAL from the City Court of Birmingham, in equity.
Heard before the Hon. H. A. SHARPE.

The bill in this case was filed on the 9th July, 1887, by John D. Parker, against Martin Parker and his wife, Mrs. Elizabeth Parker; and sought the reformation of a convey-ance of a tract of land, executed by the defendants to the complainant, on the ground that the land intended to be con-veyed was not correctly described in the deed. The convey-ance, a copy of which was made an exhibit to the bill, was dated October 19th, 1886, signed by both of the defendants, by mark attested by witnesses, and duly acknowledged before a justice of the peace; and there was an additional certificate of acknowledgment by Mrs. Parker, on examination separate and apart from her husband. The recited consideration was $520. The land conveyed by the deed was therein thus de-scribed: "Beginning at the north-east corner at a stake, the north-east $\frac{1}{4}$ of the south-east $\frac{1}{4}$, containing twenty (20) acres, of the north half of said forty-acre block; also, six acres, described as follows: two hundred and ten (210) yards south, and one hundred and forty (140) yards wide, containing six acres, situated in Jefferson county, Alabama." The land intended to be conveyed was thus described in the bill: "Beginning at the north-east corner of the north-west quarter of the south-east quarter of section 27, township 18, range 4 west; thence south 418 feet; thence west 627 feet; thence north 418 feet, to the centre line dividing said section east and west; thence west 693 feet to the centre north and south line of said section; thence north 660 feet; thence east 1320 feet; thence south 660 feet, to the place of begin-

ning, containing 26 acres, more or less, saving and excepting the mineral interests in said land." The tract of land last described was conveyed to said Martin Parker and wife, by H. F. DeBardelaben and wife, by deed dated May 4th, 1885; and it was a part of defendants' homestead at the time of their sale and attempted conveyance to the complainant.

On final hearing, on pleadings and proof, the court rendered a decree for the complainant, granting a reformation as prayed for; and this decree is here assigned as error.

L. L. DEAN, and with him SMITH & LOWE, for appellant, cited *Armstrong v. Short*, 95 Ind. 326; *Nelson v. Davis*, 40 Ind. 366; *Lewis v. Dunlap*, 33 N. Y. 676; *Lyman v. Insurance Co.*, 17 Johns. 373; 1 Story's Equity, § 116; *Blythe v. Dargin*, 68 Ala. 370; *Williams v. Berry*, 8 How. 495; *Carr v. Williams*, 10 Ohio, 305; *Turner v. Kelly*, 70 Ala. 85; *Campbell v. Hatchett*, 55 Ala. 548; *Jenkins v. Harrison*, 66 Ala. 361.

WEAVER & SELHEIMER, *contra*, cited *Gardiner v. Gates*, 75 Ala. 394.

McCLELLAN, J.—The misdescription in the deed of Martin and Elizabeth Parker to John D. Parker, to correct which this bill is filed, is substantially admitted, and, moreover, clearly proved. The land which was intended to be conveyed, and which the deed as corrected by the decree below does convey, was held as tenants in common by the grantors, who were husband and wife, and constituted a part of their homestead. The resistance to the reformation prayed for is predicated chiefly, if not entirely, on the homestead character and common ownership of the property, in connection with the fact that, at the time of the execution of the deed, none of the parties knew that Elizabeth Parker owned an undivided one-half interest in the land. So far as the contention of the appellants proceeds upon the idea, that a reformation in matter of description of the wife's conveyance of the homestead will not be decreed, it is wholly untenable. The point, upon exhaustive consideration, has been otherwise determined by this court; and the same principles which underlie the conclusion then reached, with respect to the homestead, force a like conclusion in regard to the correction of the misdescription in a conveyance by husband and wife of the latter's statutory separate estate. We enter-

tain no doubt of the jurisdiction of equity to reform an instrument of the class last mentioned, so as to make it speak the true intention of the parties in the identification of the property.—*Gardiner v. Moore*, 75 Ala. 394.

The deed involved here was executed with all the formalities essential to a valid conveyance of the homestead, and of any individual interest which the wife may have held in the land as her statutory separate estate. The purpose of it, as the proof, aside from the instrument itself, clearly shows, was to pass the entire fee to the grantee. The consideration paid was commensurate with the value of the whole estate. We know of no rule of law, nor can we conceive any logic of facts, which would support the distinction which is urged upon us, between the effect to be given to a conveyance by the wife of her separate estate, made in ignorance of her property rights, and a conveyance by one *sui juris* under the same circumstances. A grantor, whether of the one class or the other, would, we have no doubt, be conclusively held to a knowledge of the true state of the title under which he or she held, and to have conveyed with reference to that title. But, were this otherwise, the result of this case would not be affected thereby. It is immaterial here whether the wife's ignorance of her separate statutory interest in the land intended to be conveyed would operate to defeat the deed to the extent of that interest.

The office of the remedy invoked in this case is, not to establish and effectuate rights—not to have the effect of the deed adjudged—but rather to declare the *status* which the parties intended to create, and upon which such rights as they would have acquired under a correct instrument may be asserted and defended. The real question is, not what the deed was intended to mean, or how it was intended to operate, but what it was intended to be.—Kerr on Fraud and Mistake, 428; 3 Pom. Eq. Jur., § 1375; *Conner v. Armstrong*, 86 Ala. 265. And while equity will not decree a vain and useless thing, and, consequently, will not reform a deed, which, when corrected, will be wholly inoperative; yet the relief will be granted with respect to misdescription of property, upon clear proof of mutual mistake, whenever the reformed instrument will operate to pass any estate in the land intended to be conveyed, though, by reason of facts not apparent on the face of the paper, such estate is less in quantity, or a different kind, than that which would otherwise have passed. It is, therefore, immaterial whether

Elizabeth Parker's undivided half interest in the land will pass by the deed as corrected. In any view, the conveyance is efficient to vest the interest of Martin Parker in the grantee, and he is entitled to relief, when he comes into equity and asks that his deed be so corrected, in consonance with the intent of all parties, as that he may protect his rights in and to that interest.

It is very clear from this record, that no injury resulted to the appellants from the failure of the court to allow them further time to answer the amendments of the bill, made on the day of the final decree; and if this failure, in the absence of a motion or request for further time, was erroneous—and we do not decide that it was—it will not authorize a reversal.

The decree of the City Court is affirmed.


*Bill in Equity for Reformation of Conveyance.*

