[Alabama Midland Railway Co. v. Brown.]

# Ala. Midland R'way Co. *v.* Brown.

*Bill in Equity to Reform a Deed to Right of Way.*

98   647
98   277
98   647
104   200
98   647
108   269
98   647
113   649
114   365
98   647
137   560

1. *Parol agreements to alter the written terms of a deed.*—Where a bill is filed to reform the numbers of land in a deed, it is not permissible for the defendant, by his cross-bill, by way of defense, to prove a contemporaneous parol agreement, adding to, or changing the consideration expressed in the deed.

2. *Reformation of deed.*—The purpose of reforming a deed is not to establish rights nor adjudge the effects of a deed, but to declare the *status* of the parties to it, intended to be created by them; to leave the parties where they would stand had there been no mistake in the instrument.

APPEAL from Pike Chancery Court.
Heard before the Hon. JNO. A. FOSTER.

A. A. WILEY, and GARDNER & WILEY, for appellant.

PARKS & GAMBLE, for appellee.

COLEMAN, J.—The bill was filed to reform an instrument, which was intended to convey the right of way over certain lands of the respondents. The bill avers that in the deed, the lands over which the right of way passes, are described as being the N. W. ¼ of section 12, when it should have been the N. W. ¼ of section 13." It is agreed by the parties, that there was a mistake in the description of the land, and that the averment of the bill in this respect is true. The reformation of the instrument is resisted upon the ground, that respondents were damaged by the breach of a parol agreement, made at the time of the execution of the conveyance, and which entered into its consideration. It is averred in the answer and cross-bill, that by the agreement the right of way was to include no more land than was necessary for the road bed, that in building embankments, the complainants were not to "borrow" earth from lands adjacent to the line of the track, but to use only that obtained from the excavations or "cuts," and that no earth was to be "dumped" on respondents farming lands. The cross-bill avers a violation of the agreement in these respects to the damage of complainant. The consideration expressed in the deed is, "in consideration of running its

contemplated road on and along their lands, as well as the sum of one dollar." The answer avers and the proof sustains this averment, that no money was paid or other compensation made for the right of way, except that of running the road at the place contemplated and agreed upon.

The deed itself does not specify the right of way granted, but describes it, simply as a right of way for complainant's railroad. There are no covenants or stipulations in the deed of conveyance for the right of way, which required the complainants to use the earth taken from "cuts" or excavations, to construct embankments, or prohibited the "borrowing" of earth when necessary, adjacent to the track, for this purpose. A fair construction of the deed as executed would lead to the conclusion, that the parties contracted as to the right of way conveyed, with reference to the statute which limits the width "of the way and right of way" to what may be necessary, not exceeding one hundred feet, that a railroad corporation may acquire by condemnation proceedings. Code of 1886, § 1580, sub. 8. Lands or earth used in the construction of the roadbed, outside of this limit, either for waste of earth taken from excavations or for borrowing for embankments, would not be included in the right of way, conveyed by the deed.

It is not pretended in the cross-bill, that the covenants and agreements, set up in the answer were by mistake or otherwise omitted from the deed of conveyance. The averment is that it was a parol, contemporaneous agreement and which was the real consideration of the deed, conveying the right of way.

We hold under the pleadings, parol proof was not admissible to prove such a contemporaneous parol agreement as that set up in the answer, as a defense to the reformation of the deed. It would impose restrictions, burdens and duties inconsistent with the consideration expressed, and the intention of the parties as expressed in the deed itself. Different principles of law apply to executory and executed contracts. In many cases when the contract is executory, the courts will refuse relief by compelling specific performance, where under similar circumstances, the courts would reform an instrument. As was said in *Parker v. Parker*, 88 Ala. 364, reformation of an instrument does not "establish and effectuate rights,—nor have the effect of the deed adjudged—but rather to declare the *status* which the parties intended to create, and upon which such rights as they would have acquired under a correct instrument, may be asserted. The question is, not what the deed was intended

[Smith v. Pritchett.]

to mean, or how it was intended to operate but what it was intended to be." The purpose intended and the effect of the remedy by reformation of an instrument is very fully considered in the case of *Gardner & Gates v. Moore,* 75 Ala. 394.

Reformation of the deed under consideration as to the numbers of the land, would in no way affect or impair the rights of the respondents, or protect the plaintiff, from any liability. The effect would be simply to give to both parties the same rights and protection as if there had been no mistake in the instrument. We need not and do not decide the question as to whether the damages claimed by defendant are of that character, which if considered in the nature of the purchase-money for the right of way, would entitle him to a vendor's lien, and bring his case within the influence of the decision in *Connor v. Armstrong,* 86 Ala. 262.

On this point see *Bridgeport Land & Imp. Co. v. American Steel Car Co.,* 94 Ala. 592.

Under the evidence and pleading the complainant was entitled to a reformation of the deed. A decree will be here rendered to that effect.

Reversed and rendered.