SIOUX CITY INVESTMENT COMPANY, Appellant, v. HARTFORD FIRE INSURANCE COMPANY, Appellee.

**REFORMATION OF INSTRUMENTS:** Mutual Mistake. *Mutuality* of mistake lies at the foundation of right to reformation. It necessarily follows that reformation must be denied when plaintiff is unable to clearly show that defendant had express or implied knowledge of the mistake. So held as to an insurance policy containing erroneous statements as to existing insurance and as to the value of the property.

*Appeal from Woodbury District Court.*—GEORGE JEPSON, Judge.

FEBRUARY 15, 1921.

ACTION in equity to reform a fire insurance policy. Plaintiff's petition was dismissed by the court, and it appeals.—*Affirmed.*

*Edward E. Baron,* for appellant.

*Milchrist, Scott & Pitkin,* for appellee.

STEVENS, J.—The uncontroverted facts, as disclosed by the record in this case, are that, on June 3, 1915, plaintiff was the owner of a three-room frame dwelling house, located on the SE¼ of the SW¼ of Section 35, Township. 90, Range 48, Plymouth County, Iowa; that, on said date, a renewal policy, insuring said building against loss in the sum of $500, was issued by defendant at its Chicago office, forwarded to C. J. Woolridge, its duly authorized agent at Sioux City, Iowa, and later delivered to plaintiff by one W. L. Prusiner, who was engaged in the insurance business in Sioux City, under the name of the Prusiner Insurance Agency, but who, unless by operation of law, was not the agent of defendant; that, prior to June 3, 1915, and after the issuance of the policy for which the policy in question was issued in renewal, plaintiff made the three-room dwelling house into an eight-room dwelling, thereby increasing its value from $800 to more than $2,000. The building, on May 2, 1917, was totally destroyed by fire, and in due time proper notice and proofs of loss were furnished to defendant. Herman Galinsky, secretary and treasurer, appears to have transacted all of the business for plaintiff. When Galinsky examined the policy after the fire, he discovered, as he claims for the first time, that the copy of the application attached thereto contained the following provisions:

"Q. Is there any other insurance on the property? If so, give name of company and amount of each item insured hereunder. A. No."

"All the foregoing contained on both sides of this application is my own agreement and statement, and is a correct description of the property on which indemnity is asked, and I hereby agree that insurance shall be predicated on such statement, agreement, and description if this application is approved, and that the foregoing shall be deemed and taken to be promissory warranties running during the entire life of said policy."

He also discovered that the policy contained the following:
"This policy shall be void if the assured has concealed or

misrepresented any material fact or circumstance surrounding this insurance or the subject thereof.

"Unless otherwise provided by agreement of this company, this policy shall be void if the insured now has or shall hereafter procure any other contract of insurance, valid or invalid, on the property covered in whole or in part by this policy."

Plaintiff, in its petition, alleged that the foregoing provisions of the policy were inserted therein by mutual mistake; that a representation set out in the application that the house was valued at $800 was inserted therein by mistake of the defendant's agent, who was familiar with and knew all the facts concerning said building, and who also knew that there was prior and additional insurance thereon to the amount of $1,600. Plaintiff prays that the provision of the policy prohibiting additional insurance, and the statement in the application of the alleged value of the building, be stricken therefrom; that the policy be reformed so as to express the true intention and purpose of the parties, and for judgment in the sum of $500 and costs. The defendant answered, admitting the receipt of $18.75 premium, the issuance of the policy, and setting up the provisions of the policy against other insurance, and denied the allegations of plaintiff's petition generally. Aside from the mere mention of waiver, the case appears to have been tried in the court below upon the sole issue of reforming the policy, and this is the only proposition urged by counsel for appellant upon this appeal.

Galinsky testified that, about the time the prior policy expired, W. L. Prusiner came to his place of business, and inquired if plaintiff desired it renewed, and that he replied, "Yes." He further testified that he did not sign an application for said insurance. Upon cross-examination, he testified further that he had no recollection of having done so. As appears from the foregoing statement of the uncontroverted facts, if Prusiner was the agent of the defendant to solicit insurance, or to procure plaintiff's application or the renewal of the expired policy, it was because of the provisions of Sections 1749 and 1750 of the Code of 1897, which will be found copied in full in *Cooper W. & B. Co. v. National B. F. Ins. Co.,* 188 Iowa 425.

Section 1749 provides that:

"Any person who shall hereafter solicit insurance or procure application therefor shall be held to be the soliciting agent of the insurance company or association issuing a policy on such application or on a renewal thereof, anything in the application, policy or contract to the contrary notwithstanding."

The evidence shows without conflict that Prusiner had previously solicited insurance of plaintiff, and had either issued or secured two policies to be issued by companies represented by him, upon the building in question. He knew it had been reconstructed and enlarged, and that its value was much more than $800.

If Prusiner solicited insurance for defendant, or procured plaintiff's application therefor, he was, under the provisions of Sections 1749 and 1750 of the Code, the agent of the defendant, and it was charged with knowledge of such facts as were known to him.

It further appears from the record that an application purporting to have been signed by plaintiff was forwarded by its agent at Sioux City to its Chicago office; that same was approved by the proper officers of the company, and a policy issued, with a copy of said application attached, and forwarded to Woolridge, its agent at Sioux City. The evidence does not disclose by whom plaintiff's name was signed thereto. We may infer that it was by Prusiner or Galinsky. The latter denies that he signed it. Prusiner was deceased at the time of the trial, and Woolridge was absent, and his deposition not taken.

It is the claim of appellee that Prusiner was the agent of plaintiff, and not of the defendant. Galinsky testified that he did not know whether Prusiner was the agent of defendant or not. If Galinsky signed plaintiff's name to the application, the representations and statements as to prior insurance and the value of the property, both of which were admittedly false, must have been made by him, or else he was guilty of inexcusable negligence in signing same without knowledge of its contents. While a court of equity has jurisdiction to reform a written instrument, so as to make it express the intention and true agreement of the parties, it will do so only when it clearly and satisfactorily appears from the evidence that the minds of the parties did not meet upon the proposition therein expressed, but that

the real agreement was something else. *Heard v. Nancolas,* 187 Iowa 1045. Manifestly, the proof in this case does not entitle plaintiff to a decree of reformation. If, in procuring the application therefor and the renewal of said policy, Prusiner acted as the agent of plaintiff, then, of course, notice to him of the value of the insured property and of other additional insurance would not be imputed to the defendant. Unless this knowledge was imputed to the defendant, then there is no evidence that it knew the value of the property or the existence of other insurance at the time the policy was written. Furthermore, if it were conceded that Prusiner was the agent of defendant, by operation of law, but the information contained in the application was obtained from Galinsky, the defendant had a right to rely thereon. Galinsky does not claim that the answers to the question are not correctly stated, or that he was mistaken in the facts when they were made, but denies that he had anything to do therewith. The evidence is that Prusiner was not the duly authorized agent of defendant, and he was not the agent by operation of law, for the purpose of making application to the defendant for insurance upon the property of plaintiff. He was not then engaged in soliciting insurance for the defendant, or procuring an application therefor, or for the renewal of a policy then in force, if he made such application. He would, under such circumstances, be the agent of plaintiff. In no event could it be claimed that there was a mutual mistake. Manifestly, the record does not disclose such facts as to entitle plaintiff to a decree reforming the policy. It is our conclusion, therefore, that the judgment and decree of the court below should be, and they are, —*Affirmed.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.