H. L. Fitch, Appellee, v. F. M. Flinn, Appellant, et al.,
                        Appellee.

CONTRACTS: Consideration—Contract to Rescind Sale. A mutual
1    agreement to *rescind* a contract of purchase of corporate stock is sup-
     ported by an adequate consideration.

REFORMATION OF INSTRUMENTS:    Mutual Mistake—Evidence—
2  Sufficiency. Equity may correct the date of contract performance on
   convincing proof of mutual mistake.

*Appeal from Woodbury District Court.*—A. O. Wakefield,
                        Judge.

                 October 24, 1924.

Action in equity for the specific performance of two con-
tracts to repurchase corporate stock sold to appellee. Decree
for plaintiff, and the defendant Flinn, who alone was served
with notice, appeals.—*Affirmed.*

*Shull, Stilwill, Shull & Wadden,* for appellant.

*Wagner, Pike & Knoepfler,* for appellee.

Stevens, J.—I.   Appellant and A. T. Whittam, as agents
of the Western Terminal Elevator Company, located at Sioux
City, Iowa, for the sale of its capital stock, on August 8, 1919,
entered into a contract with appellee for the sale to him of ten
shares of said stock at the par value of $100 per share. They
also, in a memorandum written below the receipt given for the
subscription contract, agreed, at the option of appellee, to re-
purchase the ten shares "one year from date," at the rate of
$106 per share. The other contract bears date September 11,
1919, is part in typewriting and part in pencil, and appellant
and Whittam, by its terms, agreed to sell the 39 shares of stock
subscribed for on the above date within six months after date,
at $125 per share.

The petition is in two counts. The first is based upon the contract of August 8, 1919, and the second upon the contract of September 11th. Appellant declined to repurchase the ten shares covered by the first contract, and failed to sell the 39 shares covered by the second contract, as he and his associate agreed to do. Appellee claims that he accepted the option for the repurchase of the stock and notified appellant by letter thereof, and later, before this action was commenced, and upon the trial, tendered the stock to him. This is an action in equity, for the specific performance of both contracts, and, as a preliminary thereto, plaintiff asks reformation of the second as to the date written therein.

Want of consideration and of mutuality in the contract are relied upon as defenses to Count 1. The contract for the resale of the 39 shares purchased September 11, 1919, provided that, if the stock was not sold within the time agreed upon, the subscription therefor would be canceled, and the payments made would be returned to appellee. The principal defense set up to the cause of action based thereon is that, although appellant made a good-faith effort to sell the stock, he was prevented from doing so by appellee, who, it is charged, negotiated a cancellation of the subscription with the elevator company before the time allowed for the sale thereof had expired.

The only issue tendered which, under the facts of this case, was cognizable in equity was that of the reformation asked of the second contract; but, by failing to move to transfer the case to the law docket, appellant waived his right to a jury trial, and the court retained jurisdiction to enter judgment for damages.

The plea of want of consideration is without merit. The mutual promises of rescission were sufficient on this point. *Mackie Motors Co. v. Dearborn Truck Co.*, 192 Iowa 458. The

1. CONTRACTS: consideration: contract to rescind sale.

evidence shows that appellee exercised his option to sell the ten shares of stock within one year, and again within a reasonable time after the year expired. The contract did not require him to exercise the option until after the year expired. He therefore had a reasonable time after such expiration in which to do so. *Reitz*

*v. Brouhard,* 198 Iowa 37. The court did not grant specific performance of the contract, but entered judgment on Count 1 for $1,060, and on Count 2 for $585, the difference between the price received by appellant from the Elevator Company for the cancellation of the subscription and the par value of the stock. The contract to purchase the ten shares of stock being a valid one, and it appearing from the evidence that appellee notified appellant within the time allowed, of his election to sell the stock, judgment was properly entered against appellant on Count 1 of the petition.

II. The typewritten portion of the second contract is as follows:

"This is to certify that F. M. Flinn, A. F. Whittam, known as the party of the first part, and H. L. Fitch known as the party of the second part, have entered into a contract this day Sept. 11, 1919, whereby both parties of the first and second parts agree to sell at any time *within* six months after date Sept. 11, 1920, any part or all of the Western Terminal Elevator Company, capital stock, owned by the party of the second part, for one hundred and twenty-five ($125.00) dollars or more per share."

The names of the parties and the dates were all written in in pencil, in blank spaces left for that purpose. The word "within" italicized above, was also written in pencil. Appellee prays that the contract be reformed so as to make it read, "within six months after September 11, 1919," instead of "six months after September 11, 1920," as written.

2. REFORMATION OF INSTRUMENTS: mutual mistake: evidence: sufficiency.

If the contract bound appellant to sell the stock within six months after September 11, 1919, he was in default thereon at the time this action was commenced. If, however, he was to have six months after September 11, 1920, to sell it, the time had not expired when the subscription was canceled at the instance of appellee, and no recovery should be allowed on this count of the petition. The court below held that the date September 11, 1920, was inserted in the contract inadvertently or by mistake, and decreed a reformation thereof so as to limit the time to six months after September 11, 1919.

To justify the reformation of a written instrument upon the ground of fraud, accident, or mistake, the same must be established by clear, satisfactory, and convincing proof; and if the ground relied upon is mistake, it must have been mutual. *Haugh v. Lanz,* 187 Iowa 841; *Noble v. Trump,* 174 Iowa 320; *Johnson v.. Farmers' Ins. Co.,* 126 Iowa 565; *Montgomery v. Mann,* 120 Iowa 609.

The evidence is conflicting; but the circumstances disclosed by the testimony of appellee tend quite strongly to sustain his version of the transaction. Appellant testified that the matter was fully talked over between the parties, and that the agreement as written expresses. the true intention of the parties. The blanks in the contract were filled out and the memorandum on the margin thereof written by Whittam. The circumstance that militates most strongly against the claim of appellee is that a copy of the contract given to him at the time shows the dates as written in. the original instrument.. Appellee testified, however, that he did not examine the copy nor discover the error until it was later called to his attention by his attorney. Fraud is not charged in the petition. We think the evidence satisfactorily shows that. the real agreement of the parties was that appellant and Whittam were to have six months in which to sell the stock after September 11, 1919, and that the contract was properly reformed. The conduct of appellant is, to some extent, corroborative of this conclusion. In conversations with appellee and his attorney after the subscription had been canceled; by the Elevator Company, he did not claim that he was to have one year in which to sell the stock, nor did he then, deny liability upon the ground that he had been prevented from selling the stock by the cancellation of the subscription by the Elevator Company at the request of appellee. We do not deem it necessary to recite the evidence at length nor to discuss the same in detail. We have no doubt that appellee was induced, to some extent at least, to purchase the stock, which promised him a profit, by the agreements entered into by appellant and his associate to repurchase or sell it upon the terms indicated.

This court cannot, of course, make a new contract for the parties, nor has it undertaken to do so. The court does have

jurisdiction to reform the instrument so as to make it express the true intention of the parties, if it appears by the proper quantum of proof that there was a mutual mistake in the writing, and that, because of such mistake, it does not conform to the actual agreement and understanding of the parties. This was what the court below undertook to do, and we think the decree is sustained by the evidence. The judgment below is, accordingly,—*Affirmed.*

ARTHUR, C. J., and DE GRAFF and VERMILION, JJ., concur.