HUBBARD GRAIN COMPANY, Appellee, v. WESTERN GRAIN DEALERS MUTUAL FIRE INSURANCE COMPANY, Appellee; HARTFORD FIRE INSURANCE COMPANY, Appellant.

**REFORMATION OF INSTRUMENTS:** Testimony—Sufficiency. The grounds for reforming an instrument must be established beyond a reasonable doubt.

Headnote 1:   34 Cyc. p. 984.

*Appeal from Cerro Gordo District Court.*—M. H. KEPLER, Judge.

January 20, 1925.

Rehearing Denied April 8, 1925.

Action to recover on policies of insurance written by two insurance companies. The Western Grain Dealers Mutual Fire Insurance Company admitted its liability to a certain amount. The Hartford Fire Insurance Company denied liability for any greater amount than $5.53. The amount of the loss was not in dispute. The court found that the Western Grain Dealers Mutual Fire Insurance Company should pay $806.77, and the Hartford Fire Insurance Company, $809.54. The latter company appeals.—*Affirmed.*

*Senneff, Bliss, Witwer & Senneff,* for appellant.

*Fitzpatrick, Barrett & Barlow,* for appellee Hubbard Grain Co.

*Sampson & Dillon,* for appellee Western Grain Dealers Mut. Fire Ins. Co.

Faville, C. J.—I. It is conceded that the amount of the plaintiff's loss was $1,616.31. The plaintiff had insurance on grain which was destroyed under policies in the Western Grain Dealers Mutual Fire Insurance Company and in the Hartford Fire Insurance Company. The policy of the first named company was in force at the time the policy of the latter company was written. It is the contention of appellant that its policy should cover excess insurance only in case there was other insurance on the property, and that the policy as written did not express the true agreement of the parties, and should be reformed.

The rules regarding the reformation of a written instrument are well established. Reformation will not be decreed except in cases where the proof of mutual mistake or other ground for reformation is clear, satisfactory, convincing, and, as is sometimes said, established beyond a reasonable doubt. Written contracts between competent parties are not to be reformed on slight or insufficient evidence, nor where the evidence is merely

in equipoise, nor even where there is a preponderance in favor of the party claiming reformation. The right to the claimed reformation must. be established by such clear and convincing proof as satisfies a court of chancery that the written instrument does not express the true written agreement and intention of the parties. See *Sioux City Inv. Co. v. Hartford Fire Ins. Co.*, 190 Iowa 1135; *Heard v. Nancolas*, 187 Iowa 1045.

These rules are academic, and very familiar. Applying them to the record in this case, we concur in the conclusion of the trial court that appellant failed to establish its. right to a reformation of its policy of insurance, and that there was no such clear, satisfactory, and convincing proof as would have justified the trial court in reforming said policy as sought by appellant.

II. It is the contention of appellant that its policy was modified by the conduct of the parties thereto, subsequent to its issuance.

The real question at this point is whether the policy of appellant was what is referred to as "concurrent insurance,"—that is to say, that the policy ran concurrently with the policy of the Western Grain Dealers Mutual Fire Insurance Company,—or whether it was the intention of the parties that the policy should cover only an excess of the property of the insured that was not covered by the specific policy in the Western Grain Dealers Mutual Fire Insurance Company. The policy, by its terms, was a policy of specific insurance which would run concurrently with the other policy. Appellant's contention is, however, that the insured made reports to appellant of the amount of grain which it carried, and that the premium to be paid by the insured to appellant was estimated on the basis of the excess of grain carried. Appellant's claim is that by. the conduct of the parties a modification of the terms and conditions of the policy was in fact effectuated.

Under appellant's policy, the insured made reports of the volume of grain carried for a certain period, and these reports were made, as we understand it, by the employees of the insured, on blanks furnished by appellant. The matter of procedure in this regard between the parties fails to show, however, that there was any modification of the specific terms and conditions of the

policy by agreement of the parties or by their acts, so that the binding effect of the policy as written was changed or modified as claimed by appellant. The conclusion of the trial court appears to be sustained by the record in regard to this matter, and we are constrained to approve it.

III. Appellant contends that, notwithstanding the written policy, the true agreement between the insured and the insurer· can be shown by parol, as against a third party, the Western Grain Dealers Mutual Fire Insurance Company. ·

Conceding that appellant's contention is correct as to the rule of law permitting the change or modification of a written contract by parol evidence as against one not a party thereto, appellant is still confronted by the proposition that the evidence in the record fails to sustain its contention in this regard.

We reach the conclusion that appellant was bound by the terms and conditions of its contract as written, and that it was not entitled to reformation of the same, nor was the same modified by the conduct of the parties. The decree of the trial court appears to be equitable, to have ample support in the evidence, and to be in accordance with the law. It is, therefore,—*Affirmed*.

EVANS, ARTHUR, and ALBERT, JJ., concur.