LYDIA F. RATE, Appellant, v. RYAN BROTHERS et al., Appellees.

**REFORMATION OF INSTRUMENTS:** Evidence—Degree of Proof.
1 Principle reaffirmed that, to justify the reformation of an instrument on the ground of mutual mistake, the supporting testimony

.must be clear, satisfactory, and convincing.   Evidence held insufficient.

**DAMAGES:   Excessive Damages.**   A defendant in an action for damages may not complain that the court allowed the minimum damages testified to by defendant.

**Headnote 1:**   34 Cyc. p. 984.   **Headnote 2:**   4 C. J. p. 717 (Anno.); 34 Cyc. p. 996.

*Appeal from Cedar District Court.*—F. L. ANDERSON, Judge.

### APRIL 7, 1925.

ACTION in equity for the reformation of a lease to certain real estate.   The defendants filed a counterclaim for damages for breach of a provision of said lease.   The trial court dismissed the plaintiff's petition, and entered a judgment in favor of the defendants on the counterclaim for the sum of $50.   The plaintiff appeals.—*Affirmed.*

*C. O. Boling* and *Edward F. Rate,* for appellant.

*Johnson, Donnelly & Lynch,* for appellees.

FAVILLE, C. J.—I.   Appellant is the owner of a farm of 425 acres.   On or about the 26th day of September, 1922, appellant and appellees entered into a written lease of said farm for the term of one year, commencing March 1, 1923. The negotiations for the lease were all carried on in behalf of appellant by her son.   The action is brought to reform the lease, on the ground of a mutual mistake, it being the contention of appellant that the written lease should have provided that certain of the premises, which it is claimed had been seeded, should not be broken up by the lessee and put in crop.   There is no contention that appellees were committing waste; but the claim of appellant is that the lease omitted to contain a provision that appellees should not plow up the sod in two certain tracts on the farm and plant the same to crop; and a reformation of the lease is sought in this regard.

1. REFORMATION OF INSTRUMENTS: evidence: degree of proof.

The rules regarding the reformation of written instruments

are clear, and have been frequently announced by this court. In order to justify a court of equity in reforming a written instrument on the ground of mutual mistake, the proof of such mutual mistake must be clear, satisfactory, and convincing. *Hubbard Grain Co. v. Western Grain Dealers M. F. Ins. Co.*, 199 Iowa 1160; *Sioux City Inv. Co. v. Hartford Fire Ins. Co.*, 190 Iowa 1135; *Heard v. Nancolas,* 187 Iowa 1045.

The case is triable before us *de novo;* and we have examined the record with care, and are satisfied therefrom that the trial court did not err in dismissing appellant's petition for want of sufficient proof to justify a reformation of the written instrument.

It appears that, after appellees had examined the farm, and had had preliminary negotiations with respect to renting the same, with the agent of appellant, the matter of preparing the lease was left entirely with the agent, who consulted his attorney, by whom the lease was prepared. It was then signed in behalf of appellant, by her agent, and by him forwarded, in duplicate, to appellees. One copy was returned to the agent, who examined it and discovered that appellees had neglected to sign it. He thereupon returned it to appellees, with the request that they sign it, which they did, and forwarded the same by mail to appellant's agent, who thereafter retained the same.

The preponderance of the evidence rather favors appellees' contention that no agreement was made between the parties regarding the matter of plowing the sod, now sought to be incorporated in the lease by reformation; and, in any event, we are thoroughly satisfied that the evidence in behalf of appellant is lacking in that degree of certainty and conclusiveness that is essential to justify a court of equity in reforming a written instrument. We are content with the conclusion of the trial court in denying appellant the relief prayed.

II. Complaint is made of the award of $50 on appellees' counterclaim. The written lease provided that appellant should construct a windmill on the farm, for use by appellees during the term of the lease; and the evidence shows 2. DAMAGES: excessive damages. without dispute that no such windmill was furnished. The agent of appellant testified upon the trial that the rental value of the farm was $50 less

without the windmill than it would have been, had the provision of the lease been complied with by appellant. Appellees claimed a larger sum; and the court awarded the amount testified to by appellant's agent, who was qualified to speak in the matter. The court did not err in awarding the amount fixed, under the facts disclosed by the record.

We find no error in the trial of the cause, and the judgment appealed from is, therefore,—*Affirmed.*

EVANS, ARTHUR, and ALBERT, JJ., concur.