SIDNEY S. SMITH, Appellee, v. J. M. GODFREY et al., Appellants (two cases).

**REFORMATION OF INSTRUMENTS:** Evidence—Weight and Sufficiency—Belated Claim of Mutual Mistake. Long delayed objection by a purchaser of land to a known clause in his deed which provided that he assumed the payment of an existing mortgage militates very strongly against his belated claim for a reformation on

the ground that the clause in question was the result of a mutual mistake.

**Headnote 1:**  34 Cyc. p. 990.

*Appeal from Washington District Court.*—D. W. HAMILTON, Judge.

OCTOBER 20, 1925.

THIS is a consolidation of two foreclosure suits which involve the same questions and the same defendants. There was a decree entered for the plaintiff in each case against all of the defendants. The defendants Godfrey and Eldridge have appealed.—*Affirmed.*

*W. M. Keeley* and *E. C. Eicher*, for appellants.

*Morrison & Morrison* and *Wilson & Wilson*, for appellees.

EVANS, J.—It will be more convenient to confine the terms of our discussion to one case. Our conclusion and the reasons therefor will be applicable alike to both cases.

Taking the first entitled case, it appears that the plaintiff, Sidney Smith, was holder of a $50,000 mortgage duly executed by the defendants Boyer, Dayton, and Craig. These defendants have no defense to the mortgage, and decree was entered against them without contest. It further appears that the mortgaged land was sold by these mortgagors to the defendants Godfrey and Eldridge for a stated consideration of $88,000. In the deed of conveyance the said defendants Godfrey and Eldridge expressly assumed and agreed to pay the mortgage. The defendants Boyer, Dayton, and Craig impleaded the defendants Godfrey and Eldridge by filing a cross-petition against them and by serving notice upon them. These defendants appeared, and pleaded to the cross-bill, and denied all liability. They pleaded, in substance, that the assumption clause in the deed did not represent the true contract between the parties, and that it was inserted by mistake. They prayed a reformation of the deed by striking out such clause. Upon the issue thus tendered,

trial was had, and a decree entered against the defendants to the cross-petition.

It will be noted that the controversy presented is essentially a controversy between the parties to the instrument. It is not permissible, therefore, to the grantees of the instrument to contradict its terms, except for the purpose of obtaining reformation thereof. The burden was upon them to prove their affirmative defense by such clear and satisfactory evidence as would warrant the court in reforming the instrument. The preliminary contract entered into between the parties did not contain the assumption clause, but it did contain a clause whereby the grantees expressly agreed to pay for the land the sum of $88,000. The deed was prepared by one Breitenbach, who assumed to act for both parties to the transaction. It was delivered by Breitenbach to the grantees personally at the time of its execution. It was examined by them at least within a few days, and the clause now objected to came to their notice at that time. They raised no question about it until some months after the beginning of this foreclosure suit, and until about eighteen months after they had accepted the deed. During all this period they were in frequent contact with their grantors, and had abundant opportunity to challenge the integrity of the deed.

This circumstance was a significant one, and doubtless had its weight with the trial court as tending to negative the ground of reformation now claimed. A reading of the record brings us to the conclusion that the evidence is not of that satisfactory character which would warrant the reformation prayed.

It is urged by the appellants that the transaction was a trade, and not a sale, and that they are not personally liable for that reason. The argument itself is not tenable. If they bound themselves in express terms to pay the mortgage, they became liable under their covenant, regardless of whether their transaction was a sale or a trade. It is further argued that the original written contract entered into between the parties was never carried out, but that a substituted contract was entered into. This contract is alleged to have been lost, and its contents were testified to orally by the appellants. Such substitution of contract was not pleaded. If it had been, the fact remains that the appellants, as grantees, received the deed in

question from their grantors, and that it contained an express provision whereby they assumed and agreed to pay the mortgage. The fact that a change was made in the preliminary contract, if any, did not lift from the appellants the burden of proving a case which warranted reformation of the deed. The appellants were extensive real estate dealers of large experience. They fully understood and appreciated the legal effect of the assumption clause in the deed. They were not deceived or misled by anyone. They had the opportunity of prompt protest after discovery. The fact that they did not make it is a significant circumstance which weighs heavily against their present claim.

The appellants contend that our recent case of *Shult v. Doyle*, 200 Iowa 1, is decisive of the case at bar. We do not find it so. The controversy presented here is one of fact, and is necessarily determined by the weight and counterweight of its own evidence. The weight of the testimony of a witness is not governed by precedent. Otherwise, the witness would be under a pull to make his testimony fit the precedent, and thereby to reduce his testimony to the required formula. Formulas of evidence are not persuasive to the finder of fact. On the contrary, they challenge scrutiny. The fact, therefore, that the complaining parties in one case were deemed to have sustained the required burden of proof, does not become a precedent for holding that complaining parties in subsequent similar cases have also sustained the required burden of proof, even though there be similarity in the form of the testimony in the respective cases. The weight of evidence in a case is always dependent upon its relation to all the evidence in the particular case. It is not aided by precedent.

Moreover, in the *Shult* case, we recognized the right of the grantor (Doyle) to enforce the assumption clause of his deed against his own vendee (Dealy). This vendee was not the grantee in Doyle's deed, nor had the grantees (Hawkins) in such deed sustained any previous contractual relation with Doyle. Their contract was with Dealy. Each contract was enforced against Dealy in favor of Doyle and of Hawkins respectively, according to its express terms, and without reformation. Manifestly, such holding affords no aid to the appellants here.

We discover no ground in the record that would warrant our interference with the findings of the trial court. Its decree is, accordingly, affirmed.—*Affirmed.*

FAVILLE, C. J., and ALBERT and MORLING, JJ., concur.