G. A. RANKIN, Appellee, v. ARTHUR W. TAYLOR et al., Appellants.

**WITNESSES:** Competency—Spouse as Witness Against Himself or
1  Herself. In an action against a husband and wife for the reformation of a mortgage so as to include therein the entire homestead of the parties, the wife is a competent witness to testify against herself and her estate, as distinguished from that of the husband; and the same rule necessarily applies to the husband.

**REFORMATION OF INSTRUMENTS:** Evidence—Sufficiency. Evi-
2  dence reviewed, and held to clearly, satisfactorily, and convincingly establish a mutual mistake in the execution of a mortgage, whereby a portion of the homestead of the mortgagors was omitted from the mortgage.

**REFORMATION OF INSTRUMENTS:** Instruments Reformable—
3  Mortgage on Homestead. A mortgage which is duly and jointly executed by a husband and wife on *part* of their homestead, when they unquestionably intended to embrace in the mortgage the *entire* homestead, is so reformable, on proper showing of the mistake, as to make the instrument in form exactly what it always has been in law; and such reformation is not violative of the statute (Sec. 10147, Code of 1924), which declares conveyances of the homestead invalid when the husband and wife do not join in the execution of the same joint instrument.

Headnote 1: 40 Cyc. p. 2229. Headnote 2: 34 Cyc. pp. 984, 986, 987. Headnote 3: 34 Cyc. p. 941.

Headnote 2: 23 R. C. L. 367. Headnote 3: 13 R. C. L. 691; 23 R. C. L. 315.

*Appeal from Marion District Court.*—W. S. COOPER, Judge.

JULY 1, 1927.

REHEARING DENIED OCTOBER 1, 1927.

Action in equity to reform a mortgage so as to include the homestead of appellants, and to foreclose the mortgage as reformed. Said relief was granted by the district court. Arthur W. Taylor and Mayme Taylor appeal.—*Affirmed.*

*Lappen & Carlson, Faa. O. Ross, Wade P. Clarke,* and *T. V. Hart,* for appellants. .

*Johnson & Teter,* for appellee.

KINDIG, J.—This action is in equity. The purpose is twofold: (1) To reform a mortgage executed by appellants, so as to include all their homestead (a part of which homestead was not described in the mortgage); and (2) to foreclose the mortgage as reformed. .

Basis for relief named in the petition is mutual mistake. Appellants admit the execution of the note and mortgage, but deny the right to the correction asked. Reformation and foreclosure were granted by the district court, as prayed.

Four errors relied upon for reversal are, in substance and order, as follows:

I. Appellants are husband and wife. Appellee, Rankin, called as a witness in his behalf appellant Mayme Taylor. This is alleged to be in violation of Section 11260 of the Code of 1924. Said section provides:

"Neither the husband nor wife shall in any case be a witness against the other * * *." .

That statute is based on the ground of public policy, the purpose being to keep sacred domestic relationship, and the courts thereunder are not permitted to sanction any doctrine

1. WITNESSES: competency: spouse as witness against himself or herself.

tending to promote marital strife. Such restriction, however, does not extend so far as to prevent a wife who is a joint party in an action with her husband and others from being required to testify, not against her husband, but against her own separate interests, or the independent demands of others, affecting her,

or their, individual property or rights involved. That is to say, the scope of the statute is limited to the prevention of one spouse from being a witness against the other.

This pronouncement finds support in the case of *Chaslavka v. Mechalek*, 124 Iowa 69, where this court said:

"Where husband and wife are joint parties in an action, the testimony or declarations of one of them are admissible, notwithstanding the provision in Code Section 4606 [Section 11260, Code of 1924] that 'neither the husband nor wife can be, in any case, a witness against the other.'"

See, also, *Farmers & Merch. St. Bank v. Moore*, 111 Kan. 344 (206 Pac. 907); *Jacobsen v. Andrews*, 45 S. D. 490 (189 N. W. 114).

In this case there were many defendants, including appellants. Said Mayme Taylor was not called to give evidence against her husband, but was asked to, and did, testify concerning and against herself and her estate, as distinguished from that of her husband. Mrs. Taylor had the rights of a wife in the property of her husband, and a homestead interest was claimed in the land. Her claims were separate and distinct. *Spafford v. Warren*, 47 Iowa 47; *Adams v. Beale*, 19 Iowa 61.

Under Section 10147, Code of 1924, the said mortgage was void unless Mrs. Taylor joined "in the execution of the same joint instrument;" and because of Section 10149 of said Code, appellant Taylor could not remove his wife from said homestead without her consent. In order for the appellee, Rankin, to obtain the reformation, it was necessary for him to prove that it was intended by appellant Mayme Taylor that the omitted property should have been included in the mortgage, and its not being therein was due to mutual mistake. To meet this burden of proof, the wife was called to affirm or disaffirm her own intention concerning the inclusion or omission and the part played by her, if any, in the alleged mutual mistake. Therefore, the wife was a competent witness against herself, notwithstanding the statutory provision to which reference is above made.

II. Appellant Arthur W. Taylor was likewise called as a witness to testify in said cause, and objection is also made that the permitting of him to answer questions was a violation of the same statute. Because of the principle hereinbefore announced, it is clear that he could not make statements against his wife

without her consent, but that rule does not prevent him (said Taylor was the owner of said land) from so declaring. against himself and his own property and interests. This was what'he was called upon to do, and his evidence must be, and is, limited to that object. By virtue of the construction before made, the husband was a competent witness, and his testimony properly received for said purpose.

III.    Reformation of a written instrument is to be made only when there is proof that the intention of the parties was to make an agreement such as it is sought to have established,

2. REFORMATION OF INSTRUMENTS: evidence: sufficiency. and that said intention was frustrated either by fraud, accident, or mutual mistake. *Day v. Dyer*, 171 Iowa 437; *Fitch v. Flinn*, 198 Iowa 823; *Hubbard Grain Co. v. Western Grain Dealers Mut. Fire Ins. Co.*, 199 Iowa 1160; *Rate v. Ryan Bros.*, 199 Iowa 1050; *Smith v. Godfrey*, 200 Iowa 768.

Evidence required in such instance must be clear, satisfactory, and convincing. *Fitch v. Flinn*, supra; *Hubbard Grain Co. v. Western Grain Dealers Mut. Fire Ins. Co.*, supra; *Rate v. Ryan Bros.*, supra; *Smith v. Godfrey*, supra.

Necessity of the occasion has not been met where the evidence is in equipoise, or where there is a mere preponderance in favor of the party claiming reformation. *Hubbard Grain Co. v. Western Grain Dealers Mut. Fire Ins. Co.*, supra.

It is argued by appellants that the burden of proof at this juncture has not been met by appellee, Rankin. So far as the appellant Arthur W. Taylor is concerned, the record in favor of reformation is overwhelming. Proof as to him is beyond reasonable doubt. The historical facts relating to the transaction are: In 1857 there was platted in Marion County a town called Wheeling, containing lots, streets, and alleys. Although the town failed to develop, the plat was never vacated. Accordingly, conveyances of agricultural land are made by lot numbers. Location of streets and lots is not tied in with the government description. Exact portrayal, therefore, is difficult to make.

One J. C. Knox owned a tract of land which included a number of these lots and, in addition thereto, governmental subdivisions. Such land was all used for farm purposes. The total number of acres approximated 116. In 1915, Knox contracted to sell this farm to said Taylor, and a written agreement was

executed, under which Taylor received possession and the right to erect a house before the delivery of the deed. Said description in the contract and deed, through oversight, does not include Lots 29, 30, 31, and 32, and another irregular piece or alley in said town. Upon said omitted property the house was located. That description contained in the deed was copied in the mortgage in question. The entire acreage, including that not contained in the mortgage, looked like and was a farm. Buildings necessary and useful for farming operations were constructed upon the omitted and included pieces in such proximity to and relationship with each other as to indicate one property. Knox testified that the house was built on land which appellant Taylor purchased from him, and the whole record shows this to be true.

Reliance by appellants was at all times made upon the Knox deed. Many other facts and circumstances pointing in the same direction are found in the record. Necessity for brevity prevents a detailed statement of them.

With the intention of mortgaging the Knox property, when the correct description was sought, said Taylor referred the scrivener to the record of the said deed under which he had taken possession and built said house. This description was used, but proved to be erroneous. Evidence disclosed the fact that it was not known by the parties to the mortgage in question, at the time of the execution and delivery thereof, that said description did not include the omitted parcel. So far as appellee, Rankin, and appellant Taylor are concerned, it was their intention to mortgage the entire property. Mistake alone prevented such accomplishment, and the error was mutual. There was no negligence on the part of said Rankin.

The record will now be considered concerning the appellant Mayme Taylor, who was the wife of appellant Taylor at the time said property was purchased from Knox and the said house erected. Mrs. Taylor lived on the premises with her husband. She declares that, at the time of the execution of said Rankin mortgage here involved, she thought it was to be a lien upon all the Knox property. This appellant knew what the Knox property was, and said that such was all the land they owned at that time, and she then had no knowledge of the alley or its omission. The objection now made apparently is an afterthought. Such claim was not made at the time the mortgage was executed. It

is a most significant fact that the homestead right claimed by appellants involves, not only the small parcel of excluded property, but also sufficient of the included property to constitute, in all, approximately 40 acres. Why would Mrs. Taylor intend to mortgage part of the homestead, and not all of it? Value of the barn, corncrib, and other outbuildings would be practically destroyed when severed from the larger tract contained in the mortgage, while said incorporated fields would be considerably reduced in value by the separation from said smaller fragments and the consequential loss of said buildings. She intended, as disclosed by all the facts, that the omitted property should have been covered by the Rankin mortgage. It was not embodied, because the scrivener used an erroneous legal description. That intention was likewise the intention of her husband and Rankin. The mistake was mutual. Appellee fully met the burden of proof, notwithstanding the denials of appellants.

IV. Section 10147, Code of 1924, provides:

"No conveyance or incumbrance of, or contract to convey or incumber, the homestead, if the owner is married, is valid, unless the husband and wife join in the execution of the same joint instrument * * *."

Complaint of appellants is that reformation of the Rankin mortgage so as to embrace said omitted area is a violation of said section, even though same was signed, duly acknowledged, 3. REFORMATION OF INSTRUMENTS: instruments reformable: mortgage on homestead. and legally delivered by said husband and wife. It is conceded that said controverted ground, together with sufficient of that specified in the description of said mortgage to amount to approximately 40 acres, is the homestead of appellants. Under proper facts and circumstances, a void or imperfect instrument involving the homestead may, nevertheless, bind the wife, as well as the husband, on the ground of estoppel or ratification. *Luttschwater v. Fank*, 151 Iowa 85; *Brunsdon v. Brunsdon*, 199 Iowa 1099. That illustration is analogous only because here there is no ratification or estoppel. Reformation is to be allowed in the case at bar, if at all, on the ground of mutual mistake. Can it be said, then, that such relief on this basis, under the facts here involved, is prohibited by said statute?

"A mortgage * * * of a homestead executed and acknowledged in strict compliance with the requirements of the home-

stead law is subject to reformation in equity for mutual mistake
* * * with respect to the misdescriptions of the premises con-
veyed, in like manner as other mortgages or conveyances ·
* * * ." 34 Cyc. 960.

See, also, *Stevens v. Holman*, 112 Cal. 345 (44 Pac.. 670) ;
*Witherington & Co. v. Mason*, 86 Ala. 345 (5 So. 679) ; *Beysch-
lag v. Van Wagoner*, 46 Mich. 91 (8 N. W. 693) ; *Savings &
Loan Soc. v. Meeks*, 66 Cal. 371, 373 ; *Parker v. Parker*, 88 Ala.
362 (16 Am. St. 52) ; *Snell v. Snell*, 123 Ill. 403, 406 (5 Am. St.
526).

Eliminating the description, the mortgage was executed by
appellants in strict compliance with the Iowa law. Part of the
homestead was covered by the designation used. Redress sought,
therefore, is not the incorporation of the entire homestead, but
rather, the remainder after a portion is already named in the
instrument. This distinction is not intended to be controlling
in principle, but it is a true statement of the fact. If it had
been the purpose of the parties to mortgage homestead property
only, but, by mutual mistake, part thereof meant to be used was
not set forth, it could not be successfully argued that reforma-
tion of the instrument would not be granted, to include the en-
tire premises contemplated, and thereby carry out the wishes of
the grantors. That being true, there is no logic prohibiting the
application of the same theory to the Rankin mortgage, because
part of the homestead is already .therein, and all that is now
sought is to place the balance within the legal description. In
so doing, the homestead is conveyed by one joint instrument,
signed as required. This· document is in proper form, and meets
all the statutory demands. The purpose was to convey certain
real estate for security. What real estate? Not that mistakenly
named (because, so far as the truly intended mortgage is con-
cerned, there never was such), but rather, that confirmed by
the reformation. Said Rankin mortgage, in fact and equity,
never contained any description except the true one. The dis-
trict court, by its action, did no more than recognize this fact,
and by judgment and decree, that court placed in said mortgage
the description and property first and at all times intended by
the parties. Such adjudication did not change the document nor
create a new one. Rather, that decree made possible the life and
operation of the original writing. It still remained the same

"joint instrument" of said husband and wife. A mutual mistake, not the act or desire of the parties, caused the intruding error to appear. Therefore, the omitted property was in fact conveyed by appellants in accordance with the statute, and the district court was justified: (1) In removing the error and reforming the mortgage so that it would be itself, rather than an unintended substitution; and (2) in granting foreclosure thereof.—*Affirmed.*

All the justices concur.