Elmer J. Eglin, Appellant, v. Jacob A. Miller et al., Appellees.

No. 40000.

December 13, 1929.

*Struble & Stiger* and *George F. Morrison*, for appellant.

*Thomas & Thomas* and *Willard F. Russell*, for Charles E. Sleeter, appellee.

Stevens, J.—This action in equity is to reform a warranty deed executed by appellees Jacob A. and Lydia A. Miller on March 1, 1922, conveying certain tracts of land situated in Tama County to appellant. By the express terms of the deed, appellant assumed and agreed to pay an existing mortgage on the land, of $10,000. It is alleged in the petition that this clause

was inserted in the deed by mutual mistake, and that, by the terms of the written contract entered into which preceded the execution of the deed, there was an exchange of equities only, and that appellant did not agree to assume and pay the incumbrance. The mortgage in question was executed by Charles E. Sleeter, who, by warranty deed, conveyed the land to the appellee Jacob A. Miller. Sleeter obtained the court's permission, and intervened in this action, alleging that the parties plaintiff and defendant were conspiring and confederating together to secure a reformation of the deed, in order to defeat recovery by him in an action then pending in the district court of Washington County against appellant, to recover the amount of a deficiency judgment rendered on foreclosure of the mortgage, which he had been forced to pay. The right of intervener to be heard in this case is challenged by appellant; but, in view of the conclusion reached on the merits, we have given no consideration to this contention of appellant's, and express no opinion thereon.

The answer filed in the main action by appellees Jacob A. and Lydia A. Miller confesses and admits the allegations of the petition, so that, as between the plaintiff and the defendants, there is no issue in the case. The cause was tried below and is submitted here upon the issues tendered in the petition of intervention. No affirmative evidence was introduced by intervener in support of the allegations of his petition. Manifestly, the confession by the defendants of the allegations of the plaintiff's petition made out a complete case, as against them, in favor of the plaintiff. No further proof, as between them, on this point was necessary. As stated, the intervener alleged connivance and fraud on the part of the other parties to the suit.

Appellant did not, however, rest his case upon the admissions of the answer, but offered proof in support of the allegations of the petition. Appellant testified that the execution of the deed was preceded by negotiations resulting in the execution of a contract in writing which expressed fully and definitely the terms on which each party agreed to an exchange of properties. The contract was not produced, but the real estate agent with whom it was left, testified that, after the transaction in question was closed, many papers kept in his office which appeared to have no further value were destroyed. He had no independent recollection as to what became of the contract in ques-

tion. The real estate agent referred to represented Miller in the transaction, and fully corroborated the testimony of appellant as to the terms of the trade. Both testified that the exchange was of the equities only, both tracts being heavily incumbered, and that appellant did not agree, nor was it contemplated that he would assume and promise to pay the $10,000 mortgage. This testimony is not contradicted by any witness.

Intervener must, and does, rely wholly upon circumstances which we will presently consider.

The right of the intervener to claim the benefit of, and rely upon, the clause in the deed agreeing to pay the mortgage was no higher than that of his grantor. *Crane v. Leclere*, 206 Iowa 1270.

Neither of the Millers was a witness upon the trial. It appears that they are nonresidents of the state. After the action was commenced in Washington County by the intervener herein against appellant to recover the amount of the deficiency judgment which he had been compelled to pay, appellant consulted a lawyer residing at Washington, Iowa. The lawyer, who does not appear as counsel in this case, was called as a witness by appellant. He testified that appellant, at the time he was consulted, stated the details of the transaction with the Millers, and that the agreement between them was for an exchange of equities. Thereupon, the attorney prepared the petition and answer later filed in this action. He testified that they were prepared in reliance upon the statements of appellant. The attorney and appellant then went to Elkhart, Indiana, where the Millers reside, to secure from them acknowledgment of service of the original notice, a written appearance in the case, and the execution and verification of the answer by them. The Millers were not at home. The papers were left with a friend of the Millers', and, upon their return to Elkhart, were duly signed, and the answer verified by Jacob A. Miller was returned to appellant or his attorney. They were delivered by the Washington County lawyer to the present attorneys for appellant at Toledo, and duly filed. A decree was thereupon rendered in favor of appellant, which was later set aside, to permit the filing of the petition of intervention herein. The reason assigned for the haste and the manner in which this action was originally prosecuted was that it was necessary to secure reformation of the deed before trial

of the law action in Washington County. No other fact or circumstance in any way tending to discredit or impeach the good faith of appellant in the matter is disclosed by the record, unless stress is to be given to the fact that the clause appeared at all in the deed. Its appearance there is not accounted for. The deed was not written by the real estate agent, nor in his office. It was prepared in a bank in Washington County. It is possible that it may have been copied from some prior instrument. Of course, the assumption clause in the deed is binding upon appellant, unless it was placed therein by mutual mistake. The burden rested upon appellant to establish mutual mistake by evidence of a clear, satisfactory, and convincing character. *Rankin v. Taylor,* 204 Iowa 384; *Hubbard Grain Co. v. Western Grain Dealers Mut. F. Ins. Co.,* 199 Iowa 1160; *Smith v. Godfrey,* 200 Iowa 768; *Babb v. Herring Motor Co.,* 190 Iowa 814. The requirements of the rule are fully met in this case.

Some burden in this case rested upon the intervener. When he charged fraud and connivance on the part of the plaintiff and defendant, some duty rested upon him to make proof thereof. The mere charge in the petition of intervention did not make out a prima-facie case, as it seems to us there is almost a total absence of evidence to support the allegations thereof. The mere fact that the defendants admitted the allegations of the petition for reformation of the instrument, in the absence of other facts and circumstances, is of little or no weight in determining the question. They had a right to admit the truth and save costs. Their action was consistent with all of the affirmative testimony in the case.

The finding of the trial court that the petition of plaintiff should be dismissed for want of proof cannot be sustained. The judgment of dismissal must be reversed. The cause will be remanded to the district court for decree reforming the deed in harmony with this opinion.—*Reversed and remanded.*

ALBERT, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.