W. I. Sargent, Appellee, v. Mechanics Insurance Company of Philadelphia, Appellant.

No. 41480.

March 14, 1933.

Rehearing Denied June 23, 1933.

Sampson & Dillon, for appellant.

Gillespie, Moody & Stewart, for appellee.

Mitchell, J.—W. I. Sargent was the owner of a dwelling house in the city of Des Moines, Iowa, located at 1825 East Ninth street, consisting of seven rooms, including bath, three bedrooms upstairs, four rooms downstairs, and four rooms in the basement.

The appellant issued a fire insurance policy covering the property belonging to the appellee in the sum of $2,500, to which policy was attached what is known as a "Dwelling Inherent Explosion Clause". The house was heated with a "Green furnace" which was located in the basement.

The appellee and the members of his family were away from home during the evening of March 18, 1931. About 9:30 p. m. the

son-in-law of the appellee went to the appellee's home to fix the fire. He put three small shovelfuls of semi-anthracite coal on the fire in the furnace, shook the furnace down, and then closed the furnace door. The furnace door was shut when he left. He remained in the house about ten or fifteen minutes, leaving the draft on the furnace open during that time to allow the gas to burn off. There was no gas in the house when he left, and the furnace was in its normal condition. The record shows that no one was in the house from the time that the son-in-law of the appellee left it, somewhere around 9:45, until the time when the appellee returned about midnight.

When the appellee opened the front door of the house at midnight smoke and soot came pouring out. He had to wait for a short time before he could enter the house on account of the smoke. When the smoke and gas had partially disappeared he turned on the lights, opened the windows of the house, and then went down into the basement and into the furnace room, where he found the door to the furnace open. Smoke was coming out of the furnace. It seemed to be coming out all around the furnace. He then went back upstairs, and after airing the house out, went to bed. The next morning he again went down to the basement and into the furnace room, and discovered that the pipe which carried the smoke from the furnace to the chimney was lying in pieces on the floor. This was true both at the place where the pipe connected with the furnace and also where the pipe connected with the chimney. The furnace man was called, and he immediately put the pipe back in place in order to carry the smoke to the chimney. The record shows that the floor, woodwork, walls, and ceiling were covered with slime and coal smoke, or grease which comes from soft coal smoke. The record clearly shows that there was no fire outside of the furnace; the appellee claiming damages solely on the basis that the property was damaged by explosion and smoke.

The policy of insurance which the appellant issued on the property owned by the appellee included a clause known as the "Dwelling Inherent Explosion Clause", which will be set out later in this opinion.

The parties waived a jury and the case was tried to the court, and verdict was returned by the court in favor of the appellee in the amount of $652, plus interest and costs. At the close of the appellee's testimony the appellant moved the court for a directed

verdict. The motion was overruled, and the appellant offered no evidence. Thus there is no dispute in the facts in regard to just what happened. It is the contention of the appellant that the damages alleged to have been sustained by the appellee were solely the result of a friendly fire, and that everything that occurred was incidental thereto. The facts show that there was no burning or charring or scorching of wood, or anything else outside the furnace. The appellant claims:

"Here we are dealing entirely with a 'friendly' fire, and any explosion alleged to have occurred was purely an incident of a friendly fire. The proximate cause of the damage by smoke and soot was at all times a friendly fire, in which circumstance, under the well-established decisions in this state, no recovery is permitted."

We believe the contention of the appellant would be correct and that we would be bound by the recent decisions of this court covering the principles of law applicable to a friendly fire (Sigourney Produce Co. v. Milwaukee Mechanics Ins. Co., 211 Iowa 1203, 235 N. W. 284; Hansen v. Le Mars Mutual Ins. Assn., 193 Iowa 1, 186 N. W. 468, 20 A. L. R. 964), and that appellee would not be entitled to recover if the policy of insurance sued upon and issued by the appellant covered only loss and damage by fire. But the policy of insurance which the appellee is suing upon, and which policy of insurance was issued and written by the appellant, covers not only direct loss by fire, but also covers explosions. The clause covering explosions is as follows:

"In the interest of the insured, the condition of this policy excluding loss or damage from explosion is hereby modified and in consideration of the rate at which this policy is written, this company shall be liable for any direct loss or damage to the property insured hereunder caused by explosion occurring in the structure (or structures) insured hereunder or containing the property insured hereunder; provided, further, that in each and every instance the explosion results from the hazards inherent in the occupancy as described herein and not otherwise and except as hereinafter provided. The liability of this company for any or all of the hazards insured hereunder shall not exceed the amount of this policy nor the interest of the insured in the property, and shall be subject in all other respects to the terms and conditions of this policy."

So we must now turn to the record to ascertain whether or not there was sufficient evidence in the record to justify the lower court in holding the appellant liable for the damage suffered by the appellee upon the theory of an explosion. The record shows without dispute that at 9:30 in the evening the furnace was in its normal condition. The door of the furnace was closed. Two hours and a half later, when the appellee returned to his home, it was impossible for him to enter the house, due to the amount of smoke that was in it. After opening the doors and windows, he went to the basement and to the furnace room and found the door of the furnace open, and that smoke was coming out of the furnace. The record shows that no one had been in the house from between the hours of 9:30 p. m. and midnight. The appellee stayed in the house that night and the next morning went again to the furnace room and found the pipe which connected the furnace with the chimney, and which was the pipe through which the smoke was carried from the furnace to the chimney, lying in pieces on the floor. This was true both at the place where the pipe connected with the furnace and where the pipe connected with the chimney. What caused the door of the furnace to come open, and what caused the pipe connecting the furnace and the chimney to be broken to pieces? There must have been some form of an explosion that forced open the door of the furnace and that would blow out the pipe which connected the furnace and the chimney; blow it into pieces so that it was found lying on the floor.

In defining explosion, this court in the case of Vorse v. Jersey Plate Glass Ins. Co., 119 Iowa 555, 93 N. W. 569, 570, 60 L. R. A. 838, 97 Am. St. Rep. 330, said:

"The term 'explosion' has no fixed and definite meaning either in ordinary speech or in law. It may be described, in a general way, as sudden and rapid combustion, causing violent expansion of the air, and accompanied by a report. It may and does vary in degrees of intensity and in the vehemence of the report, and it is not always due to the presence of fire. Indeed, it may result from decomposition or chemical action. In the case before us, it was undoubtedly caused by fire, or, as stated in the agreed statement of facts, 'by a match or light in the room,' which transformed the gasoline gas into heat, which was propagated from one particle of air to another, and finally against the glass, the shock of which caused the breakage complained of."

So, clearly, in the case at bar there is sufficient evidence in the record to justify the lower court in holding, as the lower court did hold, that the damage to the appellee was due to an explosion.

But the appellant argues that even if it was due to an explosion, appellee could not recover because the explosion occurred as an incident of a friendly fire. The appellant cites and argues with a good deal of force that the case of Zamboni v. Implement Dealers Mut. Fire Ins. Co., 174 Minn. 122, 218 N. W. 457, is in point with the case at bar. In the Zamboni case, the policy sued upon contained the following clause:

"not to include loss or damage caused by explosions of any kind and unless fire ensues, and then to include that caused by fire only,"

while in the case at bar the policy contains the clause as heretofore set out:

"This company shall be liable for any direct loss or damage to the property insured hereunder caused by explosion occurring in the structure."

The policy sued upon in this case does not limit the right of recovery to the damage caused by fire alone, but covers all damage caused by the explosion. Policies of insurance should not have a technical construction for the purpose of defeating the insured. He has nothing to do with the wording of the policy, and must accept it as tendered. The appellant wrote this clause into its policy, and it is bound by the terms of the contract that it entered into.

The appellant also argues with a great deal of force that the clause in the policy, as follows:

"provided, further, that in each and every instance the explosion results from the hazards inherent in the occupancy described herein and not otherwise,"

provides that the inherent explosion clause shall be subject to all the terms and conditions of the policy itself, and definitely fixes the liability of the company with respect to a friendly fire; and, as there can be no liability for a friendly fire under the laws of this state, there can be no liability whatsoever under the inherent explosion clause, because the latter is subordinate to all the terms and conditions of the fire insurance policy. We do not believe that this necessarily follows. In the case of a friendly fire, the fire is

confined to the place intended, while in the case of an explosion, certainly no one would argue that what occurred was ever intended or anticipated by the insured party. It escaped from the confines of the furnace. It is an extraordinary and unusual occurrence, and one which the insured party had a right to anticipate was covered by the fire insurance policy. This policy covered explosions occurring in the structure. This explosion occurred in the structure. The policy covered explosions resulting from the hazards inherent in the occupancy. This explosion occurred in the furnace in the house, a hazard certainly inherent in the occupancy.

A jury was waived and the cause was tried to the court below. We are therefore bound by the findings of the lower court, and the decision and judgment of the lower court is hereby affirmed.

KINDIG, C. J., and STEVENS, ANDERSON, and KINTZINGER, JJ., concur.