W. I. Sargent, Appellee, v. American Insurance Company of Newark, Appellant.

No. 42130.

November 21, 1933.

Sampson & Dillon, for appellant.

Gillespie, Moody & Stewart, for appellee.

Kindig, J.—On or about January 29, 1930, the defendant-appellant, the American Insurance Company of Newark, New Jersey, issued a fire insurance policy to the plaintiff-appellee, W. I. Sargent. The insurance policy covered certain household goods and furniture.

A fire, or explosion, occurred in the appellee's house on or about March 18, 1931, while the foregoing policy was in effect. See Sargent v. Mechanics Insurance Company of Philadelphia, 216 Iowa 688, 247 N. W. 267. As a result of the fire or explosion, the personal property covered by the policy was damaged. In due time demand was made upon the appellant by the appellee for the payment of the loss. But apparently, because the policy covered damage by fire rather than damage by explosion, the appellant refused to pay for the loss on the theory that the damage was caused by explosion rather than by fire. Because the appellant would not assume the loss under the policy, the appellee commenced the present action to recover for the damages. When the cause came on for trial, the municipal court tried the facts because a jury was waived. After the evidence was introduced, the municipal court decided for

the appellee, and entered judgment accordingly. From that judgment the appellant appeals.

There is no reference to explosion in the appellee's petition, as originally filed. The petition originally predicated a cause of action on the theory of a fire. Attached to the original petition is the policy under consideration. That policy purports to cover damages by fire, but makes no mention of damages by explosion.

Later the appellee amended his petition by attempting to state an additional cause of action on the theory of explosion. In this amendment the appellee refers to a lost letter alleged to have been written by the appellant to its agent in Des Moines before the policy in question was issued. According to the alleged contents of that letter, the inherent explosion clause was to automatically become a part of all policies issued thereafter. It was following that letter that the appellee's policy now under consideration was written. So it is concluded by the appellee in his amendment that he can recover for the loss, due to the explosion, under the automatic assumption clause named in the letter.

Subsequently, however, the appellee again amended his petition by setting forth another cause of action. The theory of this second amendment is that the appellant agreed to give the appellee, through a rider to be attached to the policy, coverage for loss due to inherent explosion. But it is pleaded in this amendment that the appellant failed to attach such clause or rider. Whether the failure was due to breach of contract or something else does not appear. Nevertheless, the appellee prayed that the municipal court, sitting as a court of equity, reform the original insurance policy so as to include the clause or rider covering inherent explosion.

When determining the case below, the municipal court reformed the policy by inserting therein the clause or rider relating to inherent explosion. That action on the part of the municipal court is alleged by the appellant to be erroneous. It is erroneous, the appellant argues, because the appellee in his pleadings and in his proof did not lay the foundation for a reformation. Reformation may be allowed when the instrument sought to be reformed does not, because of fraud, accident, or mistake, express the real agreement of the parties. Runciman v. Bailey, 217 Iowa ......, 250 N. W. 630; Stillman v. Slifer Savings Bank, 216 Iowa 957, 249 N. W. 230; Kanofsky v. Woerderhoff, 211 Iowa 1175, 235 N. W. 305; Kowalke v. Evernham, 210 Iowa 1270, 232 N. W. 670; Hub-

bard Grain Co. v. Western Grain Dealers Mutual Fire Insurance Co., 199 Iowa 1160, 201 N. W. 568.

In his pleadings for reformation, the appellee did not allege that the assumption clause was omitted from the policy because of fraud, accident, or mistake. So far as appears from the appellee's pleadings, the assumption clause was omitted by the appellant merely because of an ordinary breach of contract. Without the allegation, then, that the explosion clause was omitted from the policy because of fraud, accident, or mistake, the appellee has not laid the foundation for reformation. Because the pleadings are insufficient in the respect indicated, we refrain from passing any opinion on the sufficiency or insufficiency of the evidence.

Under the circumstances, therefore, the appellee is not entitled to the relief granted him by the municipal court.

In view of the fact that the case was tried at law, although the relief of reformation was in equity, the cause should be reversed and remanded to the district court for further proceedings not inconsistent with this opinion.

Wherefore the judgment of the municipal court must be, and hereby is, reversed and remanded.—Reversed and remanded.

ALBERT, C. J., and EVANS, CLAUSSEN, and DONEGAN, JJ., concur.