SAMUEL FLICKINGER v. THE FARMERS' MUTUAL FIRE & LIGHTNING INSURANCE ASSOCIATION OF STORY COUNTY, IOWA, Appellant.

**Insurance:** REFORMATION OF POLICY: EVIDENCE. A court of equity
1 will reform an insurance contract to make it conform to the agreement of the parties. Evidence in the instant case held to authorize reformation.

**Same:** EVIDENCE. For the purpose of showing an understanding
2 of the parties that a policy of insurance was to expire at a date later than that expressed therein, it may be shown that the assured was called upon and paid assessments for other losses after the date at which the company claimed his policy had expired.

**Appeal:** ARGUMENT. Waiver of the opening argument by appellee
3 on appeal does not preclude a reply to appellant's argument; and, in the absence of a showing of prejudice appellee's argument will not be stricken because filed too late.

*Appeal from Story District Court.*—HON. J. R. WHITAKER, Judge.

MONDAY, NOVEMBER 18, 1907.

ACTION in equity to reform a policy of insurance and enforce payment thereunder for a loss. There was a decree for the plaintiff from which defendant appeals.— *Affirmed*.

*E. H. Addison,* for appellant.

*McHenry, Mulvaney & Jones,* for appellee.

MCCLAIN, J.— On July 1, 1895, plaintiff procured a policy of insurance on his property for five years in the defendant company. Not long before the expiration of this

policy he was solicited to renew it, and was advised when it would expire, and, subsequently, as the result of negotiation between himself and the agent who solicited the renewal, a new policy was issued, which, however, bore the date June 9, 1900, and according to its terms expired at noon on the corresponding date of 1905. The loss for which plaintiff seeks recovery under the policy occurred on the afternoon of June 9, 1905, and therefore after the policy had by its terms expired. The contention for plaintiff is that he was led to believe, by the conduct and representations of defendant's agent, that the new policy would be dated and become operative from and after the expiration of the former policy, and therefore would continue in force until July 1, 1905, and that he accepted and retained it under the belief that it corresponded with his understanding as to the date of its taking effect and its expiration; and he therefore asks that the policy be reformed to correspond to the contract between himself and the agent with reference to the issuance of such policy, and that he be given such relief as he would have been entitled to had the policy corresponded to the agreement.

There can be no question as to the power of a court of equity to reform a written instrument, even though it has been fully executed and delivered, so as to make it correspond in terms with the oral agreement

1. INSURANCE: reformation of policy: evidence:

which both parties understood was to be embodied therein, and if the one party is aware of the fact that it does not correspond with the mutual understanding of the parties, and that the other has accepted it as embodying such mutual understanding, then the latter is entitled to have a reformation on the ground of fraud. The only question, then, is whether, under the evidence, the agent, acting for the defendant company in taking the obligation and delivering the policy, knew that the plaintiff supposed he was applying for and receiving a policy which should take effect on the expiration of his former policy and

continue in force for five years. On this question of fact the evidence is with the plaintiff, and no reason is suggested why the plaintiff should voluntarily abandon a portion of the insurance which he enjoyed under the first policy by a substitution of the second policy for it before the first policy had expired; nor is there any intimation that either party supposed that, for the few days intervening between the date of the second policy and the expiration of the first, plaintiff had two concurring policies on his property. The negotiations were with reference to a renewal of the policy, and not a cancellation and substitution.

The understanding of the defendant company as to the terms of the contract of insurance is indicated by the fact that after plaintiff's loss, and, according to the present theory of defendant, after plaintiff had ceased to be a member in the defendant company, assessments were made upon plaintiff for losses of other members of the company occasioned by the same fire which caused plaintiff's loss. The defendant is a mutual company, and plaintiff was not subject to assessment for any losses of other members after his contract of insurance had terminated. It is argued for defendant that the elements of estoppel are lacking, but the making of assessments upon plaintiff for other losses is not relied upon as constituting an estoppel, but as showing the understanding of the defendant company as to the terms of the contract between it and plaintiff, and for this purpose the evidence was competent, although no estoppel was established.

2. SAME: evidence.

The argument that a court of equity cannot make a new contract for the parties is foreign to the question under consideration. The court is not asked to make a new contract for the parties, but to make the policy conform to the real contract, and in enforcing the policy as reformed the court is simply carrying out the contract made, and giving the plaintiff relief to which he was entitled under such contract.

In view of the conclusion which we have reached on the merits of the case, it is unnecessary to pass upon appellee's motion to dismiss the appeal.

Appellant's motion to strike appellee's argument from the files because not in time is overruled. Although appellee was entitled to make the opening argument, and

3. APPEAL: argument. waived that right, he is not precluded from replying to the argument of appellant, and, in the absence of a showing of prejudice, we do not usually strike an argument for appellee from the files because not filed in time, preferring that the case shall, whenever practicable, be submitted on its merits.

The decree of the lower court is therefore *affirmed*.