H. B. COLE, Appellant, v. IOWA STATE (MUTUAL) INSURANCE COMPANY et al., Appellees.

INSURANCE: Prorating Loss—Burden of Proof. An insurer who
1  pleads that the loss should be prorated with another policy must
  assume the burden to show indubitably that such other policy was
  "valid and collectible."

PLEADING: Matters Specially Pleadable—Waiver. "Waiver" must
2  be specially pleaded.

Headnote 1:  26 C. J. p. 363.  Headnote 2:  26 C. J. p. 504.

*Appeal from Wright District Court.*—EDWARD M. McCALL, Judge.

SEPTEMBER 22, 1925.

REHEARING DENIED APRIL 9, 1926.

ACTION to recover on certain policies of insurance.  The

answer admitted the execution of the policies and that the fire occurred and the amount of the loss, and alleged that, at the time of said fire, there was another outstanding policy of insurance of $2,000 upon the insured property, and that the defendant was liable only for its pro-rata share of the loss. At the close of the testimony, the court sustained the defendants' motion for a directed verdict, and the plaintiff appeals. Four cases involving the same issue against different insurance companies are consolidated and tried as one case.—*Reversed.*

*Sylvester Flynn* and *R. W. Birdsall,* for appellant.

*Birdsall, McGrath & Archerd* and *Sawyer & Norman,* for Iowa State Ins. Co., appellee.

*Stipp, Perry, Bannister & Starzinger,* for all other appellees.

FAVILLE, C. J.—One Gade was the owner of a stock of hardware located in the city of Eagle Grove. His trustee in bankruptcy has been substituted as appellant in this cause. Gade procured $11,000 insurance on said stock of hardware. This amount was distributed among the four insurance companies who are appellees in this case. The stock was destroyed by fire. It was agreed by the parties that the amount of loss suffered by Gade was $7,569.98. The four appellees have paid a portion of said loss. The suit is brought to recover the balance of the insurance claimed to be due from the said four companies.

1. INSURANCE: pro-rating loss: burden of proof.

The defendants, as their sole defense to said action, allege that Gade, "in addition to said insurance in the sum of $11,000, carried a policy of insurance, at the time of said fire, in the Iowa Hardware Mutual Insurance Association of Mason City, in the amount of $4,600 ($2,000), which was in full force and effect at said time." Appellees plead that, by reason of the said alleged outstanding policy of insurance, their pro-rata share of the loss is the amount which they have already paid to Gade, and that they are not liable for any further amount.

By way of reply to said answer, appellant alleges that, on March 7, 1923, he received a policy of $2,000 from the Iowa

Hardware Mutual Insurance Association, which policy provided that the association should not be liable for any loss that occurred before the payment of the first premium or advance assessment, and alleges that no part of said premium or advance assessment was ever paid, and that said policy never became effective, and that, in any event, the said Iowa Hardware Mutual Insurance Association canceled the said policy on May 5, 1923, some three weeks before the fire occurred.

At the close of the testimony, appellees moved for a directed verdict, which was predicated upon the ground that, at the time of the loss, there was an outstanding policy of insurance in the Iowa Hardware Mutual Insurance Association in the sum of $2,000, which should be taken into consideration in pro-rating the amount of the loss among appellees. This motion was sustained.

The policies sued on are "standard form" policies under the statutes of this state. Under such a policy, the liability of appellees could not be for a greater proportion of the loss than the amount insured should bear to the whole amount of valid and collectible insurance covering such property.

Section 8996, Code of 1924, which was in force at the time of the insurance in question as Section 1746 of the Code of 1897, provides:

"No condition or stipulation in a policy of insurance fixing the amount of liability or recovery under such policy with reference to prorating with other insurance on property insured shall be valid except as to other valid and collectible insurance, any agreement to the contrary notwithstanding."

Appellees' primary undertaking is to pay the face of the policies issued by them if the loss equals or exceeds such amount. If this amount is to be reduced, it is only because there is other "valid and collectible insurance" covering the property. The burden rested upon appellees to establish that there was such outstanding "valid and collectible" insurance on the property at the time of the loss, and the amount thereof, if they would reduce their liability under their policies to a pro-rata share of the loss. The Iowa Hardware Mutual Insurance Association

is not made a party to this action. Briefly stated, the facts in regard to said additional policy are, in substance, as follows:

Sometime prior to March, 1923, Gade made application to the Iowa Hardware Mutual Insurance Association of Mason City, Iowa, for $2,000 of insurance upon the personal property which was subsequently destroyed by fire. On March 7, 1923, the said Iowa Hardware Mutual Insurance Association duly issued its policy of insurance upon said personal property, the term of said policy being for one year, beginning on March 7, 1923, at noon. The policy was forwarded by mail and received by Gade. No premium or assessment was ever paid by Gade to said company on said policy. The policy provided that the insured agreed "that the articles of incorporation and by-laws now in force shall be and become a part" of the policy of insurance. The by-laws of the association provide that a person, firm, or corporation desiring to become a member of the association "shall pay an advance assessment annually at the rate authorized by this association on the risk or risks for which insurance is asked," and provide that "this association shall not be liable for any loss which occurs prior to the payment of such assessment, nor until the application has been actually approved by the secretary."

At the time the application was approved and the policy issued and sent to Gade, the association also sent him a notice that the premium on said policy was $24. This statement was received by Gade, but no attention was given to it. It further appears that, on March 8, 1923, the said association drew a sight draft on Gade for the amount of the premium on said policy, and included therein the amount of premium on another policy, which said association had issued to Gade on certain buildings. The sight draft was not paid. On April 1st and on April 15th, the said association sent Gade a statement of the amount due as premium on said policy, and on April 26th sent a notice by registered mail, notifying Gade that on May 5th the policy in question "will stand suspended and canceled for nonpayment." Gade gave no heed to these notices. On May 31, 1923, the property in question was destroyed by fire. On June 7th, at the suggestion of adjusters for appellees, Gade re-

mitted to the Iowa Hardware Mutual Insurance Association the amount of the premium due on said policy, which was returned by said company to Gade on June 9th, with a statement to the effect that his policy had been canceled on the 5th of May.

Do these facts establish the existence of a "valid and collectible" policy of insurance outstanding in favor of appellant, so that appellees' liability is to be prorated accordingly?

Appellant claims no rights under this policy. The Iowa Hardware Mutual Insurance Association, while not a party to this action, as shown by the evidence claims that this policy never became effective. So we have a situation where a third party is seeking to establish the validity and enforcibility of a contract not made for its benefit, which both the parties thereto repudiate.

The legislature has made it clear that, when the defense of other outstanding insurance is interposed to reduce the liability under a policy of insurance, it must appear that such insurance is "valid and collectible." The matter cannot be left to abide the hazards and uncertainties of some future litigation between parties not before the court. The term "other valid and collectible insurance" does not mean insurance which both parties deny exists, and the validity of which can only be determined by a suit between proper parties. If appellees are to prevail in this defense, it is only because they have established an outstanding valid and collectible policy of insurance available to appellant, upon which he can realize the portion of his loss not paid by appellees. It is not enough for appellees to show that appellant has available to him a disputed claim against another insurance company, upon which he might recover in a lawsuit, provided he could establish a claim of waiver on the part of said company. It should appear indubitably that there is outstanding "valid and collectible" insurance, in order that the full liability under a policy of insurance shall be reduced proportionately.

The evidence in this case is not of that conclusive and satisfactory character which is required, to justify the court in directing a verdict.

Appellees contend that the policy in the Iowa Hardware Mutual Insurance Association became valid and collectible because said company waived the terms of its policy as to payment by appellant. No issue of waiver is presented in the case; but, even if it was not incumbent upon appellees to plead a waiver on the part of the Iowa Hardware Mutual Insurance Association, they do not furnish conclusive and satisfactory proof of an outstanding policy of insurance in said company by proving that it is available to appellant to plead waiver against such company, and thereby establish a valid contract if he could do so successfully. Appellees' defense is that a valid and collectible policy was in existence at the time of the fire; not that appellant might be entitled to such a policy if he pleaded and proved a waiver on the part of the insurance company.

<span style="margin-left:2em">2. PLEADING: matters specially pleadable: waiver.</span>

Under the evidence in the case, appellees were not entitled to a directed verdict holding that they had established that there existed at the time of the fire other "valid and collectible insurance" on the property. The court erred in so holding. As bearing somewhat on our conclusion, see *Gurnett v. Atlas Mut. Ins. Co.*, 124 Iowa 547.

The judgment must be, and is,—*Reversed.*

EVANS, STEVENS, DE GRAFF, and ALBERT, JJ., concur.