W. I. SARGENT, Appellee, v. AMERICAN INSURANCE COMPANY of Newark, N. J., Appellant.

No. 42318.

MARCH 13, 1934.

REHEARING DENIED JUNE 23, 1934.

Sampson & Dillon, for appellant.

Gillespie & Moody, for appellee.

STEVENS, J.—Appellee had two policies of insurance upon a dwelling house in the city of Des Moines, one with the American Insurance Company of Newark, New Jersey, appellant herein, dated May 11, 1930, and the other, issued by the Mechanics Insurance Company of Philadelphia, dated October 30th of the same year. Each policy insured the dwelling for $2,500, and each contained the following statutory provision:

"XVI. This company shall not be liable under this policy for a greater proportion of any loss on the described property, or for loss by and expense of removal from premises endangered by fire, than the amount hereby insured shall bear to the whole amount of valid and collectible insurance covering such property."

The property was damaged by an explosion in the furnace in the basement of such residence on March 18, 1931. On or about June 30th following, action was commenced upon the policy held by appellee in the Mechanics Insurance Company. This action was begun and prosecuted to judgment in the municipal court of the city of Des Moines. The judgment bears date November 9, 1931, and is for $662. The defendant in that action appealed from the judgment thus rendered in the municipal court to this court, and it was affirmed by an opinion filed March 14, 1933. Subsequent to the date of the judgment above referred to, the insured, appellee herein, commenced an independent action upon the policy issued to him by the appellant company to recover the full amount of his alleged loss, which he alleged to be $1,500. Judgment was entered in this action in favor of appellee on December 13, 1932, upon the verdict of a jury in the sum of $1,000. The present appeal is from this latter judgment.

In addition to a general denial and certain material admissions, appellant, by its answer and amendment thereto, set up two separate and distinct defenses. In the first of the aforesaid separate defenses, appellant set up the issuance and existence of the two policies already referred to, set up the action and judgment entered in the municipal court alleging that such judgment was for the full amount of the loss sustained by appellee, and that, by reason of the commencement and prosecution of said action to judgment, appellee waived his right to maintain this action against appellant, and that, by reason of the foregoing, he is estopped to prosecute the same.

In the other separate defense, the aforesaid judgment against

the Mechanics Insurance Company is pleaded as a full and complete adjudication of all claims which appellee may now have had under the policy issued to him by the appellant company. That is, it is the thought of appellant that a contract of insurance is a contract of indemnity, and that payment in full of the loss constitutes full satisfaction. The theory of the foregoing special defenses is supplemented in argument by the contention that appellee, on a date subsequent to the rendition of the judgment in this action, received and accepted payment in full of the judgment against the Mechanics Insurance Company. A certified copy of the record showing satisfaction of the judgment has been filed in this court. The situation thus presented finds appellee in the possession of $662, the amount of the judgment entered in the municipal court, and also the holder of a judgment for $1,000 against appellant entered herein in the district court.

It is strenuously urged by counsel for appellant that it is the duty of this court in this situation to reverse the judgment herein. There are difficulties in the way of appellant's contention which are obviously insurmountable. This court in law actions sits for the purpose of correcting errors of the court in which judgment has been entered. No plea in abatement was filed in the court below, nor does the record disclose that an application was made to the court for a continuance. It is elementary that the insured had a right to commence separate actions upon each of the policies issued to him on the property damaged by the explosion. The liability of each of the respective insurance companies was limited to the proportion which the amount of insurance in each policy bore to the whole amount of valid and collectible insurance on the property. The amount of the insurance named in each of the policies is $2,500. The pro rata liability of each is thus easily computed. It will be observed from what has already been said that at the time of the trial of the present action in the district court an appeal was pending in the action against the Mechanics Insurance Company in this court. The judgment, therefore, was final only in the event it should not be reversed by this court. It was proper, of course, for appellant to plead and prove the judgment referred to in the municipal court. That judgment does not, however, for obvious reasons, in the light of the facts and proceedings disclosed, constitute a complete defense to appellee's cause of action. Appellant, apparently, recognized that fact. Evidence was introduced in

its behalf for the purpose of proving its solvency. The evidence also shows that a supersedeas bond on appeal had been duly filed in the office of the clerk of the municipal court. Appellant could not then show that appellee had received final payment in satisfaction of the judgment because, at the time of the trial, it had not been paid and counsel in that action was seeking to avoid the judgment by obtaining a reversal thereof in this court. If, for any reason, the Mechanics Insurance Company was not liable to appellee for any portion of his loss, then the policy held by him in that company did not constitute valid and collectible insurance. This provision of the statute written into the policy was available to appellant only upon proof of the necessary facts. The burden of making such proof rested upon appellant. Cole v. Iowa State Insurance Co., 201 Iowa 979, 205 N. W. 3.

Obviously, the record before us fails to meet the burden resting upon it to show that appellee had other valid and collectible insurance upon the property alleged to have been damaged by the explosion. Proof that the Mechanics Insurance Company was solvent did not fully meet such burden. Something further was necessary. The judgment was not yet a finality, and could not operate at the time of the trial as a final adjudication of the claims of appellee upon the policy here involved. The certified copy of the record showing payment and satisfaction of the judgment in the municipal court is not a part of the record in this case. No motion or application of any kind presenting the fact thus shown has been filed in this court.

The court in its instructions submitted the issue of other valid and collectible insurance to the jury. The jury, as above stated, returned a verdict in favor of appellee for $1,000. Exceptions were preserved to the instructions of the court, and propositions based thereon have been assigned in this court. They are not, however, in any way covered by brief points or argument. There is a mere naked reference to the instructions in appellant's argument. The charge must, therefore, be treated as the law of the case. Manifestly, appellant could not admit, upon the trial below, that the policy of the Mechanics Insurance Company, upon which judgment had been entered in the municipal court, represented valid and collectible insurance. We shall not discuss or seek to determine the effect of the verdict of the jury upon the issue of other valid and collectible insurance. It was held in Goodwin v. M. & B. Mut. Ins. Co., 118 Iowa

601, 92 N. W. 894, that it will be presumed that the verdict returned represents the amount due the plaintiff upon the basis of concurrent liability. Whether under the record before us such presumption arises we have no reason to determine.

The propositions relied upon by appellant and fully presented in argument are based upon the theory of the two separate defenses pleaded in its answer. It may, for the purposes of the present discussion, be conceded that payment by one insurer in full of the loss complained of operates as final satisfaction thereof. This question is not, however, now before this court. The statute quoted above was enacted for the benefit of the insurer. The judgment entered in this case responds to the verdict of the jury returned in harmony with the issues submitted thereto by the court in the instructions which, as stated, are the law of this case.

Upon what conceivable theory, therefore, may a reversal of the judgment below be awarded by this court upon the basis that a judgment entered in the other action against another insurance company, which, subsequent to the trial of the case before us, has been paid and satisfied in full by receipt of the insured? No such issue was, or could have been, tendered in the trial court. The contention rests upon a showing of extraneous facts and not upon anything appearing in the record before us. The contention urged is not based upon reversible error committed by the trial court nor upon anything inhering in what was had and done therein. Each case must stand upon its individual merits so far as reversible error is concerned. The only contention offered that the verdict is excessive is that it is larger than the amount found due by the judge of the municipal court. The facts pertaining to the judgment against the Mechanics Insurance Company, except the fact of payment and affirmance thereon on appeal in this court, are all before us. Review must, however, be limited to the propositions assigned, and reversal may be had only upon error committed by the trial court. No reversible error is shown in this record. Whether by some proceeding not invoked in this court or in some other action or proceeding appellant may have obtained, or may yet obtain, the benefit of the statute providing for pro rata liability, this court has no occasion to discuss, consider, or determine. The matters heretofore discussed are elementary, and the mere statement of them is sufficient.

II. As previously stated, the loss of which appellee complains was the result of an explosion in the furnace. The policy in

suit did not contain what is denominated in the record as a "dwelling inherent explosion clause" without which appellant would not be liable for the loss complained of. Reformation of the policy, so as to include the foregoing clause, was sought and obtained by appellee in equity. It is now contended by appellant that the evidence was wholly insufficient to show mutual mistake or any of the other matters necessary to be proven in such cases. The burden rested upon appellee to prove mutual mistake or some other recognized ground for reformation by clear and convincing evidence. Rankin v. Taylor, 204 Iowa 384, 214 N. W. 725; Peilecke v. Cartwright, 213 Iowa 144, 238 N. W. 621.

The record disclosed that the agent who wrote the insurance had been previously advised by appellant that all policies thereafter issued should carry the inherent explosion coverage clause. He further testified that he fully intended to attach the same, and that it was due entirely to mistake that this was not done. The insurance applied for contemplated the issuance of such a policy as the company offered. The clause or a rider containing same should have been attached to the policy. No additional premium was exacted therefor. The foregoing, when considered in the light of the other facts and circumstances shown, clearly entitled appellee to a reformation of the policy. We need devote no further discussion to this point. We do not deem it necessary to set out the evidence in detail.

Finding no reversible error in the record, the judgment must be, and it is, affirmed.—Affirmed.

CLAUSSEN, C. J., and EVANS, ANDERSON, and KINTZINGER, JJ., concur.