CARL JORGENSEN, Appellee, v. ALLIED MUTUAL CASUALTY COMPANY, Appellant.

No. 45982.

AUGUST 11, 1942.

Bradshaw, Fowler, Proctor & Fairgrave and H. A. Steele, all of Des Moines, for appellant.

Larson & Carr, of Charles City, for appellee.

OLIVER, J.—This is an action in equity by Carl Jorgensen against Allied Mutual Casualty Company to reform a policy of fire insurance upon certain trucks and to recover thereon for damage to one of said trucks by fire on August 6, 1941. From decree reforming the policy and granting plaintiff judgment for the amount of the loss, the insurance company has appealed.

The only question in controversy is the sufficiency of the proof to warrant the reformation of the policy. As issued, it was for a term of three months, terminating July 23, 1941, with the privilege of renewal for an additional term of three months and thereafter for a second additional term of six months, by the payment of additional premiums in advance of said respective additional terms. The petition alleged that by mutual mistake the policy did not express the agreement and intention of the parties and was not the agreement they made; that their agreement was that the term of the policy should be for one year, and that the policy should be reformed to express such agreement. The answer admitted the issuance of the policy and denied the other allegations of the petition.

Appellee was engaged in the trucking business at Oelwein, Iowa. In connection with a mortgage to a local bank, covering his equipment, he was required to insure said property against loss by fire.

On April 23, 1941, Mr. Courtwright, the local agent for appellant, and Mr. Murray, its field supervisor, called upon appellee to arrange for the fire insurance. They figured the premium for one year and told appellee it would be $164.78. Appellee testified he told them he wanted to make arrangements to pay the premium in installments.

"Well, I said I paid the down payment and I would like to have the balance of it carried out for a period of twelve months and they said, 'Yes, that can be arranged, we will arrange that at the office.' * * * they said the office would notify me on the balance of the payments."

According to appellee's testimony the arrangement was for a one-year policy with a 40 per cent down payment and the balance in installments over a one-year period; the details concerning the installment payments to be handled at the office of the company. Appellee made no written application for the insurance. He testified one year was the only term mentioned during his talk with the insurance agents, and he understood that was the term of the policy.

Mr. Courtwright, the local agent, testified appellee was told the annual premium would be approximately $165:

"There was no talk by any one of us three * * * about Mr. Jorgensen buying insurance for a shorter period than one year. It was on the basis of this conversation had on that day that this insurance was purchased. * * * To the best of my knowledge I did not hear mentioned anything about this policy not being for a year."

The banker, who held the mortgage, testified that after the policy was ordered he talked with Mr. Courtwright about it and was given to understand the insurance was for a period of one year; that a check had been given for the down payment, and that the balance of the premium was to be paid in monthly or quarterly installments.

Mr. Murray testified, in behalf of appellant, that to his knowledge he did not tell appellee that this policy would be made for a full year, and that he explained to appellee that the policy was written for a three-months' period and would be extended if the additional payments were made.

Upon cross-examination he testified he did not tell appellee he would have a three-months' insurance policy; that he (Murray) did compute the premium for a year's period; that he figured the first premium ($65.90), which appellee paid that day; that he figured that as being 40 per cent of the premium; that the next 30 per cent would cover the next three months and the next 30 per cent would cover the next six months.

At the time of this conversation appellant was carrying the liability insurance upon appellee's trucks. That liability policy, in evidence as Exhibit 4, was for a term of one year, and the premium thereon was payable in installments. The gist of

appellee's testimony is that he never had any insurance with appellant for any period other than one year, and that the fire insurance policy here in question likewise was to be for a term of one year, with the premium payable in installments. In this connection Mr. Murray testified:

"If he had been asking for liability insurance and I had exactly the same conversation with him referring to liability insurance, 'Exhibit 4' is the type of policy I might have written."

Appellant sent the policy to its agent, Courtwright, who placed it in his safe. Shortly after July 12, 1941, appellee had received from appellant, by mail, a notice of renewal premium of $49.44, due July 23, 1941. At the top of this printed notice, in capital letters, was the typewritten word "INSTALLMENT." Appellee testified he did not understand this notice and expected to see Mr. Courtwright and have him explain it but was unable to do so at the time. Appellee's truck was damaged by fire August 6, 1941. The next day appellee talked to Mr. Courtwright about the installment notice and was advised to send the payment to the company. The company refused to accept the money, or pay the loss.

Appellee testified that he reported this to Mr. Courtwright; that Courtwright handed him the policy, which he had never before seen, and that he then first learned it was a three-months' renewable policy and not a policy for one year with the premium payable in installments as the parties had agreed.

Among the authorities cited by one or both parties are Olin Cemetery Assn. v. Citizens Sav. Bk., 222 Iowa 1053, 270 N. W. 455, 112 A. L. R. 1205; Milligan Co. v. Lott, 220 Iowa 1043, 263 N. W. 262; Hubbard Grain Co. v. Western Grain Dealers Mut. F. Ins. Co., 199 Iowa 1160, 201 N. W. 568; In re Estate of Patterson, 199 Iowa 362, 202 N. W. 8; Conrad v. Farmers Mutual Hail Ins. Assn., 223 Iowa 828, 273 N. W. 913; Flickinger v. Farmers Mutual Ins. Co., 136 Iowa 258, 113 N. W. 824; Den Hartog v. Home Mutual Ins. Assn., 197 Iowa 143; 196 N. W. 944; Sargent v. American Ins. Co., 218 Iowa 430, 253 N. W. 613; Green v. Phoenix Ins. Co., 218 Iowa 1131, 253 N. W. 36.

Most of said authorities specifically recognize the well-established rule that reformation of a written instrument will be

decreed only in cases where proof of the mutual mistake or other ground for reformation is clear, satisfactory, and convincing. Both parties agree the rule is here applicable.

The question is whether or not the proof submitted was of this quality. Appellee's testimony that the policy was to be for a term of one year and the premium payable in installments, was corroborated by that of Mr. Courtwright, the local agent for appellant. This was supported by what the banker testified Mr. Courtwright told him immediately after the transaction.

The only testimony to the contrary was that of Mr. Murray. That he was constantly handling similar transactions may have made his recollection of this particular arrangement less reliable than that of a man who purchased such insurance infrequently. The trial court may have taken this into consideration along with all the other circumstances shown at the trial.

Appellee testified he never had a policy of insurance with this company for a term other than one year. The premium for this policy was computed upon the basis of a one-year policy. If the parties had agreed upon a term other than the usual term, it is probable the agreed term would have been definitely stated in the conversation. Although Mr. Murray testified the policy issued was of the type agreed upon, he admitted upon cross-examination that he did not tell appellee it was to be a three-months' insurance policy. And witnesses for appellee testified there was no mention of any term other than a year.

The trial court found there was a mutual mistake in that both parties intended the insurance to be for a period of one year. Insofar as the findings of the trial court involve the credibility of witnesses who were personally before it they are entitled to substantial weight. Giving to such findings the weight to which they are entitled, a consideration of the record leads us to conclude that the proof of the mutual mistake was clear, satisfactory, and convincing, and that the trial court properly decreed the reformation of the policy and awarded judgment to appellee thereon.—Affirmed.

All JUSTICES concur.